### SAMUEL CULVER *against* JOHN ROBINSON.

Usury may be given in evidence under the general issue

In such case the defendant must give the plaintiff notice of the defence.

**WRIT** of error.

This was an action brought by *Robinson* against *Culver* on a promissory note. The plaintiff declared, according to the usual form in this state, " That the defendant in and by a certain writing or note, under his hand, by him well executed, dated the 22d day of *April*, 1807, promised the plaintiff to pay to him, for value received, the sum of 56 dollars, in six months from the date of said note," making a profert of the note, and negating the performance of the promise therein contained.

The defendant pleaded *non assumpsit;* on which issue was joined.

Under this issue, the defendant, on the trial, offered to prove that the note was usurious. This was objected to, on the ground that it should have been pleaded; and the court ruled, that it could not be received. The defendant filed a bill of exceptions, on which the cause was brought before this court.

*Staples*, for the plaintiff in error.

On two grounds this evidence ought to have been admitted.

1. Upon the principles of the common law.

2. Upon the statute of this state regulating *pleas and pleadings.(a)*

(a) *Stat. Conn.* tit. 129.

June, 1808.

CULVER
v.
ROBINSON.

1. By the principles of the common law, this evidence ought to have been received.

It is admitted, that in *England* usury cannot be given in evidence under the plea of *non est factum* to a bond. The reason assigned is, that it is a *specialty;* 2 *Selwyn's N. P.* 490, 491, 492. *Fortesc.* 336. 1 *Stra.* 498. S. C. *Esp. Dig.* 223. and that whatever goes to avoid a specialty, not appearing upon the face of it, must be pleaded. Though this is admitted to be the practice in *England*, it is contended that it is not founded in principle. The plea of *non est factum* to a bond means, that the man did not, in point of law, as well as in point of fact, execute the bond. It is a settled principle, that coverture may be given in evidence under the plea of *non est factum;* and the reason assigned shows that usury ought to be admitted under the same plea, to wit, that the bond is absolutely void, and not voidable. By statute, every bond, the consideration of which is usurious, is not only voidable, but utterly void; and no subsequent agreement or ratification can set it up.

But even in *England* upon actions upon notes of hand, under the general plea of *non assumpsit*, usury has always been given in evidence; *Bull. N. P.* 152. *Esp. Dig.* 168. and remark the reason, " *because the contract is absolutely void;*" 1 *Selwyn's N. P.* 106. 1 *Stra.* 498. *Fortesc.* 336.; and it is every day's practice at *Nisi Prius.*

But it will be said, that in *England*, the consideration of a note of hand may be inquired into, and it is not a specialty; whereas in *Connecticut* the consideration of a note of hand cannot be inquired into, any more than the consideration of a bond; our notes of hand being specialties, like bonds in *England.*

As to the first part of this objection, it may be re-marked, that after a note of hand is negotiated in *England*, the consideration cannot be inquired into there any more than here; and yet usury may be given in evidence un-der the plea of *non assumpsit* as well to a note that has been negotiated as to one that has not. This proves, that because the consideration of an instrument cannot be inquired into, is no reason why usury may not be given in evidence under the general issue.

As it respects the second part of the objection, that a note in *Connecticut* is a specialty; this is denied. No adjudication of our courts upon the point, it is believed, can be produced.

By the *English* common law, a bond under seal is called a specialty. This, to wit, a specialty, is an instru-ment *sui generis*, known only to the *English* common law. By the civil law, no such instrument ever existed. To the law merchant it is an utter stranger; and I doubt much whether the law of *Connecticut* recognises any such instrument; for a bond here without a seal is of precisely the same validity and of precisely the same character, in every point of view, as a bond with a seal. But it is, by the *English* common law, the seal, which gives a specialty its peculiar character. It would be curious and useful, though not pertinent to the present argument, to trace through the *English* common law the history of sealed instruments and specialties.

By the *English* common law, the consideration of a specialty is sealed up; it will support an action *per se*. And it is said, so is a note in *Connecticut*; and hence they are alike. These two instruments indeed, have these characteristics in common; but it by no means follows that they are alike. The consideration of a bond cannot be inquired into on account of the solem-

nity of the seal; and for the same reason will of itself support an action. But the consideration of a note cannot be inquired into, because the maker, under his own hand, has acknowledged that he has received the value; and is estopped to deny it. But a bond does not in form acknowledge, nor purport to be made for any consideration. A note will support an action *per se*, because it contains, upon a sufficient consideration, an express promise to pay; and this is the only reason. Every written contract, upon a sufficient consideration expressed upon the face of it, and a promise made in consideration thereof, is as much a specialty as any instrument known to our law.

The form of actions on notes immemorially established, and uniformly pursued in *Connecticut*, shows that a note of hand has never been considered as a specialty, though an instrument equally efficient to all valuable purposes. The common form is a neat draft of a declaration in *assumpsit* upon an express written contract. The plea generally made, as the general issue, is *non assumpsit;* though *non est factum* is often pleaded. Hence I conclude, that, though a note of hand is, by our law, of equal validity, it is neither in form nor substance, a specialty; and that under the plea of *non assumpsit*, usury may be given in evidence.

But it will be said that our superior court have often decided that usury must be pleaded; and that for many years this has been the uniform practice.

It is to correct this very practice that this writ is brought to this supreme court of errors. This objection might have weight in the superior court; but can have none here.

2. Whatever may be thought of the common law, the statute relating to *pleas and pleadings* is conclusive upon the point. If the legislature could, by the most explicit language, bind the courts down to a certain rule relative to what may be given in evidence under the general issue, they have done it. See *Stat. Conn.* tit. 129. By the 4th *sect.* of this act, the defendant may, under the general issue, give in evidence his title, or any other matter in his defence, or justification, as the nature of the action may be, excepting *only* a discharge, &c. Comment will not make this clause clearer. A more direct unambiguous expression the *English* language does not afford.

But it may be said there has been a long contemporaneous construction of this statute, that usury cannot be given in evidence under the general issue; and that *communis error facit jus.* Contemporaneous construction may serve to explain a doubtful statute, but can never repeal a clear one. This statute is not ambiguous. No man can mistake its meaning. It is clear, explicit, and derides all comment.

*Daggett* and *N. Smith*, for the defendant in error.

1. Usury cannot be given in evidence under the general issue in an action founded on a specialty. In *Great Britain,* the decisions on this point have been uniform. The reason is, that when you undertake to avoid so solemn an instrument as a specialty is, you must state your ground of avoidance specially in your plea, that the court may see what it is, and the adverse party may be prepared to meet it. In an action on a specialty, the general issue brings in question nothing but the *execution.* The plaintiff comes prepared to prove nothing else. To admit proof of usury under this issue would be an unwarrantable surprise upon him. The plaintiff

has informed the defendant what he claims of him. The defendant ought to apprize the plaintiff of his defence. And the ground of defence ought to be brought to a point. It is the excellence of special pleading that it has this effect.

The question then arises, are notes of hand in *Connecticut* specialties? It will be difficult to show why they are not. They are of the same validity; the consideration of them can no more be inquired into; and the invariable practice has been to declare upon them in a similar manner. [TRUMBULL, J. I imagine that the origin of our considering a note as a specialty was an old statute prescribing the *form of action*, which, contrary to the *English* practice, was *upon the note*. The general issue was, of course, *non est factum*. Since I came to the bar, the practice of pleading *non assumpsit* has been introduced, though I admit, properly enough.] It is true, that *non assumpsit* has been pleaded to actions on notes. But it has never been decided, that this was a proper plea. The practice of pleaders cannot alter the law. But if long practice may be urged as *evidence* of the law, we, on our part, may with great propriety avail ourselves of it, to show that in such an action as this, and under such an issue as is here joined, usury cannot be given in evidence. How long the practice of pleading usury specially has prevailed cannot be ascertained; certain it is, that in 1787 it was considered as settled. [REEVE, J. It was not the practice originally to plead usury specially, but to give it in evidence under the general issue. It was not, however, considered a very good practice. SWIFT, J. There was a case at *Tolland*, before the whole court, consisting of six judges, in which it was decided, that usury must be pleaded.]

2. The statute regulating *pleas and pleadings* does not apply to this case. That statute authorizes the defendant to give in evidence such matter only as is per-

*(margin note:)* June, 1808.

CULVER
v.
ROBINSON.

June, 1808.    tinent to the issue.    But when the defendant pleads *non*

CULVER        *assumpsit*, or *non est factum*, usury is not put in issue ;

v.            because he denies that he gave the note.

ROBINSON.

*By the Court*, MITCHELL, Ch. J. SWIFT, TRUMBULL
and BALDWIN, Judges, dissenting.    The statute of this
state regulating *pleas and pleadings* must govern the
case ; and by that statute, the defendant has liberty to give
in evidence, under the general issue, any special matter
in his defence, or justification, excepting only " a dis-
charge from the plaintiff, or his accord, or some other spe-
cial matter, whereby the defendant, by the act of the plain-
tiff, is saved or acquitted from the plaintiff's demand."(*a*)
The special matter, which must be pleaded, is such
as arises subsequent to the plaintiff's demand, and which
saves or acquits the defendant from a right of action
which once existed against him ; whereas usury evinces
a total want of any ground of action originally, and may
therefore be given in evidence under the general issue.
The court are aware of inconveniences which may arise
from this practice ; but the statute is imperative ; and
by a rule of court, that notice of the defence shall be
given,(*c*) the inconveniences will be prevented.

(*a*) *Stat. Conn.* tit. 129. s. 4.

(*b*) See the rule alluded to at the end of this term.