SIMEON MITCHELL *against* WILLIAM PRESTON.

*A.* loans to *B.* eight hundred dollars, and as security, takes an absolute deed of a piece of land of much greater value than the sum loaned, under a parol agreement, that *B.* may redeem the land, upon repayment of the loan, with interest at 12 *per cent. per annum ;* and that *B.* shall hold possession of the land, and pay to *A.* forty-eight dollars *per annum,* for the rent. *B.* afterwards executes to *A.* his promissory note for the simple interest of the money loaned, under the name of rent; held, that such transaction is usurious, and the note void.

The confessions of a party, made to a third person, during a negotiation for a settlement, not admissible. *Semb.*

THIS was an action of *assumpsit* on a promissory note. On the trial of the cause, under the plea of *non assumpsit,* the defendant, in his defence, relied upon the following statement of facts ; that on or about the sixth day of *March,* 1801, it was corruptly and usuriously agreed between the plaintiff and defendant, that the plaintiff should loan to him the sum of eight hundred dollars, and that the defendant, as security for the repayment of the money, should convey to the plaintiff, by an absolute deed of bargain and sale, a certain parcel of land, being of much greater value than the sum loaned ; that in pursuance of such agreement, the money was paid to the defendant, and the deed executed and delivered to the plaintiff ; that the defendant should be at liberty to redeem the land upon repayment of the sum loaned, with interest at 12 *per cent. per annum ;* and that it was part and parcel of such agreement, that the land should remain in the possession of the defendant, and that he should pay the plaintiff the sum of forty-eight dollars, annually, for the rent ; and also, that the consideration of the note in suit, was the simple interest of the principal sum loaned, under the name of rent.

The plaintiff contended, that this transaction was fair and *bona fide ;* that the contract for the sale of the land was unconditional ; that there was no loan of money, by the plaintiff to the defendant ; nor any corrupt or usurious agreement between them ; that the eight hundred dollars, paid to the defendant, was the consideration of the deed of the land, and was not to be repaid in any event, nor was any interest to be allowed therefor.

In the course of the trial, the defendant offered *B. Stiles,* Esq. as a witness, to prove, that after the commencement of the suit, the plaintiff had requested the witness to propose to the defendant to reconvey to him the land, on condition, that he would repay to the plaintiff the money loaned, with simple interest.

June, 1811,

MITCHELL
v.
PRESTON.

The defendant offered further to prove by the witness, that during this negotiation, and also after the object of a settlement had been abandoned, but during the same conversation, the plaintiff admitted, that the money received by the defendant, in the manner before stated, was by him loaned to the defendant. This testimony was rejected by the court, on the ground, that the proposition and admission of the plaintiff were made during a negotiation for a settlement.

Under these circumstances, and after the introduction of other evidence pertinent to the issue joined in the cause, the court instructed the jury, if they should find, that the transaction was really a loan of money at usurious interest, and that the note in suit was made and executed in pursuance of, and was part and parcel of the usurious contract, then their verdict would be for the defendant. But if they should find, that the original contract was a *bona fide* sale ; or, that the contract for rent was not part and parcel of the original agreement, even if such original agreement was usurious ; or that the defendant did not engage or promise to repay the principal sum loaned, and usurious interest ; then their verdict would be for the plaintiff. Whereupon, the jury returned a verdict for the plaintiff ; and the defendant moved for a new trial, on the ground, that the court erred in rejecting the testimony of the witness ; and also, that the charge was incorrect ; which motion was reserved for the consideration of this court.

*N. Smith* and *Bristol*, argued in support of the motion.

1. They contended, that the testimony of the witness ought to have been admitted. The acknowledgment of any independent fact, even if made with a view to the settlement of a suit, may be proved. The rule in relation to this subject, extends only to the cases where a party makes an *offer* or *proposal*, solely with a view to a compromise. *Bull. N. P.* 236. *Swift's Ev.* 126. The admission in this case, does not appear to have been made for the purpose of effecting a settlement of the suit ; for it was made to a third person, the witness, and not to the party

MITCHELL
*v.*
PRESTON.

himself, and even after the object of a settlement had been abandoned.

2. The charge to the jury was incorrect. It proceeded upon the supposition, that a new security taken for a prior usurious contract, may be valid ; provided, it was not part of the original agreement, that such new security should be substituted for it. We contend, that the original contract was void ; and that the note now in suit, having arisen out of the original transaction, is also void. *Tate* v. *Wellings,* 3 *Term Rep.* 537. *Cuthbert* v. *Haley,* 8 *Term Rep.* 390. The charge seems further to suppose, that in order to constitute usury, there must be an express promise on the part of the borrower, to repay the money loaned and the usurious interest. The correctness of this doctrine is denied. It is contended, that in all cases, of loans at usurious interest, it is immaterial whether there be an express agreement for the repayment of the mony loaned with usury, or not. In cases where goods are sold at a price much above their value, and a security taken for the payment of the purchase money, such security is usurious and void. *Lowe et al.* v. *Waller, Doug.* 736, 740. *Floyer* v. *Edwards, Cowp.* 114. *Richards, q. t.* v. *Brown, Cowp.* 770, 776. *Browning* v. *Morris, Cowp.* 793. *Davidson* v. *Barnard,* 1 *Esp.* 11. *Pratt* v. *Willey,* 1 *Esp.* 40. *Rich et al.* v. *Topping,* 1 *Esp.* 176. *Plowd.* on *Usury,* 176.

*Daggett* and *Benedict,* contra.

1. The testimony of the witness was clearly inadmissible. The admissions, which the defendant offered to prove by the witness, related directly to the merits of the matter in dispute. Evidence of the confessions of a party, made under the faith of a treaty for the purpose of a settlement, cannot be received; especially, if such confessions, in any way, affect the merits of the controversy. *Swift's Ev.* 126. *Slack* v. *Buchannan, Peake's Ca.* 5. *Waldridge* v. *Kennison, et. al.* 1 *Esp.* 143. *Gregory* v. *Howard,* 3 *Esp.* 113. The argument derived from the fact, that the admission of the plaintiff was made to a third person, is wholly unfound-

ed. The rule does not require, that the admission be made to the party himself ; it is sufficient, if it be made during a negotiation for a settlement.

2. The principal question in this case is, whether the charge to the jury was correct. It is contended, that the sale of the land was an unconditional and *bona fide* sale, and that the note in suit was given as a security for the payment of rent. A contract growing out of an original usurious agreement, is valid ; provided, it be not made in performance of such original agreement. The effect of a contract cannot be resisted on the ground of usury, unless the agreement to pay usury, be attended with all the circumstances necessary to constitute a valid agreement. The note in suit was no part of the original agreement ; and it does not appear, that the defendant promised to repay the eight hundred dollars with usury. *Cooke* v. *Oxley,* 3 *Term Rep.* 653. *Lowe* v. *Peers,* 4 *Burr.* 2225. A contract for a loan, under colour of a sale, may be usurious ; yet, it is not so, if the sale be made *bona fide*.

But further—On supposition, that the original transaction was usurious, yet, the defendant cannot be permitted to make this defence ; for he, confessedly, occupied this land as tenant under the plaintiff, and cannot call in question the plaintiff's title, nor the justice of his claim for rent. *'Esp. Dig.* 20, 21. *Dub.* edit. *Peake's Ev.* 261. *Amer.* edit.

SWIFT, J. This is an action on a promissory note. The defendant stated in his defence, the following facts ; that the plaintiff loaned to the defendant, eight hundred dollars, and received as security, an absolute deed of a piece of land, of much greater value, upon an agreement, that the defendant might redeem the land, upon paying the sum loaned, with 12 per cent. interest ; that the defendant should remain in possession of the land, and pay therefor, forty-eight dollars per year, being the simple interest, as rent ; and for which the note in question was given.

In the charge, the court directed the jury, that if they should find that the defendant did not engage or promise to

repay the principal sum loaned, and usurious interest, the contract was not usurious, and their verdict must be for the plaintiff.

This is laying down the doctrine, that where money is loaned, and an absolute deed taken of land of much greater value, on an agreement, that the borrower may redeem it, by paying the principal loaned, and 12 per cent. interest, the transaction is usurious; yet, if the borrower does not promise to do it, it is not so.

To determine the correctness of this doctrine, we must recur to the statute against usury. This enacts, " that all bonds, contracts, mortgages and assurances whatsoever, made for the payment of any principal, or money lent, or covenanted to be lent, upon, or for usury, whereupon or whereby there shall be reserved or taken above the rate of *six dollars* in the hundred, shall be utterly void." By virtue of the contract as stated, it appears, that the plaintiff, in case the defendant should not pay the money loaned, had secured the usurious interest by an absolute deed of the land. If the defendant should repay the money loaned, the plaintiff was entitled to 12 per cent. interest, by the express terms of the contract. This is not only within the meaning, but within the letter, of the statute: for the plaintiff had reserved or taken more than six per cent. on the loan, though the defendant did not promise to pay the money loaned, and 12 per cent. interest; of course, it was perfectly immaterial whether he promised to pay it, or not.

If the defendant should not repay the money borrowed, then the transaction would amount to a sale of the land; but, being a sale to cover an usurious loan, it would be void. If the note in question was given for the consideration of part of the usurious interest, it would also be void : for, where a contract is usurious, every contract connected with it, and part and parcel of it, is void. If one note be given for the principal loaned or due, with lawful interest, and another for the usury, both are void. All contracts growing out of usurious contracts are void; as where a new note is given by the parties, or their representatives, for the consid-

eration of an usurious contract, or any part of it, though not contemplated at the time of making the usurious contract, it will be void.

June, 1811.

MITCHELL
*v.*
PRESTON.

It has been suggested, that the contract to redeem, by paying the principal and 12 per cent. interest, being by parol, is void by the statute of frauds and perjuries; and, of course, not within the statute against usury. A contract, to be usurious, must be such as could have been enforced, were it not for the statute against usury. Where the whole contract is within the statute of frauds, it would seem to be unnecessary, as it respects the parties, to bring it within the statute against usury. But this contract stands on very different ground. Here the plaintiff, by an absolute deed of land, not affected by the statute of frauds, has secured the usurious interest. The right to redeem only, is within the statute, and this is a stipulation apparently in favour of the borrower. It would be a strange exposition of the statute, to say, that because a stipulation in favour of the borrower, is void, therefore, the contract is not usurious. This would give the lender the full benefit of his usury, and would open an effectual door to elude the statute. Usurers would be perfectly safe in a contract in the shape of a parol mortgage; and though it has been the policy of the law to place the usurer at the mercy of the borrower, by enabling him to avoid the contract, yet, upon this construction, the tables would be turned; usurers would have the advantage of valid contracts; and, as the contracts would be void as it respects borrowers, they would be placed at the mercy of usurers.

In the present case, a note has been given for a part of the usurious interest. This is not within the statute of frauds. Suppose, then, that an absolute deed of land is given, of greater value than the money loaned, on a parol condition, that the borrower may redeem, on paying the principal sum and 12 per cent. interest; and afterwards, he gives a note for the unlawful interest, or a part of it, this would be within the statute of usury: for, the note, provided that statute were out of the way, would be valid. It cannot, then, be said, that the contract, so far as relates to the note, is taken out of

the statute against usury, because made in consideration of, and for the payment of 12 per cent. interest, secured by a parol mortgage, which is within the statute of frauds.

For these reasons, I am of opinion that a new trial ought to be granted.

TRUMBULL, EDMOND, SMITH, BRAINARD, BALDWIN and INGERSOLL, Js., concurred in this opinion.

MITCHELL, Ch. J. was of opinion that the charge was correct.

REEVE, J. To constitute usury, there must be a loan of money; and no conveyance of land is to be avoided on that ground, but only that which is a security for a loan. There was no security for a loan in this case. It is an essential idea of a security, that it is the subject of a bill of equity for a redemption. We will suppose, that this money had been claimed to have been loaned, and that on lawful interest, and this absolute deed had been given, could a bill in equity have been sustained? Certainly not. An attempt of this kind is in the teeth of the common law, and of the statute of frauds and perjuries: for, an absolute deed can never be shewn, by parol testimony, to be a security. The proposition is, there can be no usury where there is no loan; and there cannot be a loan where an absolute deed is taken for the money delivered. *A.* receives of *B.* one thousand dollars, and in consideration of this, conveys to *B.* his farm, by an absolute deed: *A.* contends, that this is a loan, and offers to prove by parol, that it was agreed by *B.* that whenever he *A.* should pay to *B.* the one thousand dollars, with lawful interest, he *B.* would reconvey to *A.* the farm so conveyed. This can never be done; for the construction of this transaction, in point of law, is a sale:—The money paid is no loan, nor is the land a security for the money, but an absolute purchase. Could *B.* bring an action for the money, as a debt due for money loaned? Would not the proof that he received an absolute deed for the

money, forever repel the idea, that there was a loan ? Or, if *A.* should apply to redeem, on the footing that there was a parol agreement to that effect, would not the fact, that the deed was an absolute deed, repel the idea of redemption ? It surely would :—It was no security for money loaned. The case is not altered, if an attempt was made to shew, that the consideration of the deed was a loan to be repaid with usurious interest. We will suppose, that in such case, a bill is filed in chancery to redeem upon payment according to the contract. The first step to be taken, would be to prove a loan, before there could be any usury proved. This could not be done where the deed is absolute ; for this renders it a sale, and the statute never makes void any assurance of land, only such as is a pledge to secure the payment of a loan.

No assurance is contemplated by the statute, but one to secure a loan, and such an one as could be redeemed on payment of the money loaned, if there were no usury. But in such a case as this, there could be no redemption, if there were no usury ; for the deed is no security of a loan.

This view of the subject does not subject improvident men to loss, by relaxing the laws against usury : for, where an absolute deed is given, the mischief, if there is any, is accomplished by the statute of frauds ; for men are cut off by that statute from any remedy where there is no pretence of usury. The evil which they feel is produced before the question of usury can be reached. It becomes, therefore, perfectly immaterial whether they can show usury or not ; for if there is none, their case is not altered for the better.

It has for ever been the enquiry, was the transaction a loan, or bargain ? If the former, then usury is predicable of it ; if the latter, there can be no usury. It must be admitted, that such a transaction, if no usury was claimed, would be a bargain, whatever might in fact have been the agreement respecting its being a loan of money, and the conveyance a mortgage ; yet, this could never be shewn in evidence, and of course, the deed would be conclusive evidence that it was a bargain ; and the agreement, in fact, being for a loan

on usurious interest, no more constitutes it a loan, than where it is upon legal interest. The deed would still be conclusive evidence, that it was not a bargain.

It is said, that although parol proof cannot be admitted to vary the operation of a deed, in ordinary cases, yet, the illegality of a contract may always be shewn by parol, which will always avoid a deed. This is admitted. No doubt is entertained as to this point. But this doctrine affords no aid to the claim of usury, in this case. Usury can always be proved by parol testimony, where it can be shewn that there was a loan. If $A$. holds a note or bond against $B$., usury may be pleaded to avoid it, and can be proved by parol testimony ; for in this case there is a loan of money ; but in the case before the court, no loan can be proved ; the deed remains conclusive evidence that there was none, and of course, no usury can be proved. If it could be shewn, that there was a loan, the usury might be proved by parol, to avoid a deed. The absolute deed destroys all right in the plaintiff, to claim by legal process, the money for which the land was conveyed. Had he sued the defendant on book for this money, could he have pleaded usury to avoid this debt ? Would not the interposition of the deed by the defendant, prevent his recovery ? Surely it would : But it could not have this effect, if the transaction was a loan : and why does it have this effect ? The answer is easy ;—because the deed demonstrates that there was no loan, or any debt existing in favour of the plaintiff ; neither could the defendant come in equity to redeem, for he owes no debt to the plaintiff.

If this absolute deed can be considered as a mortgage, it is then a security for money loaned, and may be avoided by parol, in case of usury ; but if it cannot be so considered in point of law, then it is no security for money loaned, but an absolute sale of land, by deed.

If this view of the subject is correct, no new trial ought to be granted ; for, whatever incorrectness there may be in the charge, or whatever error in the rejection of the witness, a new trial could be of no benefit to the defendant, for he could never avail himself of any defence. But admitting

that this view of the subject is incorrect, and that some fallacy lurks beneath this reasoning, which I am unable to discover, yet, no new trial can be granted, unless the charge is incorrect, or the rejection of the witness, erroneous. The court charged the jury, that if they found the transaction was a loan of money, at usurious interest, and the note now in suit was given in pursuance of, and was a part of the usurious contract, then their verdict ought to be for the defendant. Of this part no complaint has, or can be made. But if they believed, from the evidence, that the original contract was a *bona fide* sale, then they must find for the plaintiff. To this there can be no objection. And they further charged the jury, that if they found the contract for rent, was not part of the original agreement, even if that agreement was usurious, they must find for the plaintiff. To this I think there can be no objection. The case need only be stated, I apprehend, to convince the mind, that such charge was correct. *A.* loans to *B.* one hundred dollars, at 12 per cent. interest, for a year ; this is the whole contract ; and *B.* pays the money ; and *B.* wishes to borrow the one hundred and twelve dollars, and does so, at lawful interest. Surely, this last contract is not usurious, unless it was part of the original agreement, that there should be this second loan.

The court then proceeded to charge the jury, that if they found that the defendant never engaged or promised to pay the principal sum and usurious interest, their verdict must be for the plaintiff. This part of the charge, it is said, was incorrect. The argument used to shew it incorrect, I apprehend, proceeds upon a false construction of the charge. In order to object to this clause of the charge, it must be supposed, that the charge is, although you do find the original agreement to be usurious, and that the contract for rent was part of the usurious agreement, yet, if you do not find that the defendant engaged and promised to pay the principal sum, and usurious interest, you are to find for the plaintiff. This construction is not the true construction. Such a construction would place the charge in a strange point of light. It would be the same thing as to say, that if you find that

there was an usurious agreement between the plaintiff and defendant, by which the defendant was to pay the usury, yet, if you find that he was not to pay usury, then you are to find for the plaintiff.

I believe it is now settled by this court, however it might have been questioned heretofore, that to constitute an usurious agreement, both parties must assent to it. There can be no question but that the defendant must agree to pay the usury, or it is no usurious agreement. I do not mean by this, that it is necessary to prove an express agreement, by the words of the defendant; it may be inferred from acts. Suppose *A.* applies to *B.* to borrow money, and *B.* loans it, and tells *A.* when he receives the money, that he must pay him 12 per cent., and *A.* takes the money. Here is sufficient evidence to infer a promise on the part of *A.* to pay the usurious interest. But unless there is a promise to pay, there is no usury. It is apparent, then, if the court instructed the jury, that if they found an usurious agreement, yet, if they found none, they must find for the plaintiff, that such charge would be repugnant to itself, and cannot be admitted as the true construction, if a different construction, and one which is natural and consistent, can be given to it. This, I think, is no difficult task. It will be observed, that the dispute was, whether the transaction was a sale, or a loan. This appears from the statement. It is stated, that it was contended on one part, that it was a sale, and not a loan, or usurious agreement; that the deed was an absolute conveyance; and that there was no agreement for a loan in the case, either on lawful or unlawful interest. The court, therefore, in the charge, use the word *sale*, as opposed to a loan. If, therefore, say the court, you find a loan at usurious interest, &c. (which supposes an agreement to pay usurious interest by the defendant, for there can be no usury without a corrupt agreement,) then you will find for the defendant; but if you find that it was a *bona fide* sale, &c. (which is no more than saying, if you find a sale, and no usurious loan, for unless there was a usurious loan, it was *bona fide*,) then you will find for the plaintiff.

The court then proceed to charge the jury, that although they do find the original transaction to be a loan of money, at usurious interest, &c., that is to say, no sale, but a corrupt agreement to pay usury for a loan of money, yet if the note for rent was not parcel of this contract, then you must find for the plaintiff.

But as there was another point of view in which this subject ought to be considered, to wit, that there might be a loan, and not an absolute sale, and that loan might be on lawful interest, they further charged the jury, that if they found that the defendant never promised to pay the principal, and usurious interest, they must find for the plaintiff; that is, although you do not find an absolute sale, but a loan, yet if there was no agreement to pay usurious interest, then you must find for the plaintiff. This renders the charge natural and consistent. It is this, if you find a loan, with an agreement to pay usury, you must find for the defendant; but if you find no loan, but a sale, you must find for the plaintiff; and also, although you find in the original transaction a loan, with usury, yet, if this contract is not parcel of it, you must find for the plaintiff:—Or again, if you find the transaction not to be a sale, but a loan, yet, if there was no agreement to pay usurious interest, you must find for the plaintiff.

If this construction is admitted, I presume no person will contend, that the charge was incorrect. And this, I apprehend, is the sound construction; for when we look at the statement, the following points seem to have been contended. The plaintiff insisted, that the contract was for an absolute sale; that there was no loan, neither was there any usurious agreement. The defendant contended, that there was a loan, and an usurious agreement. The charge of the court, in substance, was, if there was no loan, then the jury must find for the plaintiff; or, if there was a loan, but without any usurious agreement, then they must find for the plaintiff; but if there was an agreement to pay usury, then the verdict must be for the defendant. Any other construction must proceed upon the supposition, that there may be usury, and yet, no agreement to pay usury. This position I deny. I

admit, however, that there need be no agreement in express words; but there may be such conduct, from which an agreement may be fairly inferred. Such an agreement is as much an agreement, as if expressed. We are not, therefore, to understand the court to mean an express agreement. Admitting that the last part of the charge was incorrect, yet, there is nothing in it that has any tendency to lead the jury to a wrong result : for it is no more than a direction to the jury, that unless they should find an agreement on the part of the defendant to pay usury, they must find for the plaintiff. It is too late to deny this doctrine, after this court have determined, that where there is an agreement betwixt the plaintiff and defendant, which was corrupt on the part of the plaintiff only, and this corruption was not known to the defendant, there is no usury.

It is also contended, that the court committed an error in rejecting the witness *Stiles.* The court rejected him, because he was about to testify to the plaintiff's confessions made pending a negotiation for settlement. This fact is found by the court. It is impossible, then, to place it on any other ground. The only question, then, is this ; can such confession, in such case, be admitted ? It is a voluntary thing, which is said during a negotiation, which is inadmissible. But I take the rule to be, that when a confession goes to the very point of the claim against him who makes it, and which, from the nature of the thing, or from the circumstances attending the case, cannot apparently be learnt in any other way, and is made during a negotiation, it can never be proved.

There is but one other point of light, in which this transaction can be viewed. It is said, that this confession was made pending a negotiation ; yet it does not appear to have been made to the defendant, or his agent, or that it was in any way necessary to be made for the purpose of a compromise. Be it so; it was made to him as his attorney, and by him employed ; and as such, *Stiles* could not be received to testify as to what was said to him in that character.

New trial to be granted.