Corwin, J.
It is proper, in the first place, to notice the proposition of counsel for defendant in error, that, unless the plea of nonassumpsit be verified by affidavit, the party can not introduce evidence to disprove the execution of the note.
By the first section of “ An act to amend an act entitled ‘An act dispensing with proof in certain cases,’ ” passed March 9, 1838, it is provided:
*222 “ That upon plea of non est factum, offered by the person charged as the obligor or grantor of a deed, or plea of non assumpsit, or nil debet, offered by the person charged as the maker or indorser of any promissory note, or drawer, indorser, or acceptor of any bill of exchange, it shall not be necessary for the plaintiff to prove the execution of the deed, the making of the note, or the drawing or accepting the bill of exchange, upon which such suit is brought, or any indorsement thereon, unless the party offering such plea shall make affidavit of the truth thereof, or that any such indorsement 258] *was not made as it purports to have been, etc.” Swan’s Stat. 325.
Under the provisions of this statute, as construed in the case of Taylor’s Adm’rs v. Colvin, Wright, 449, it is claimed the court of common pleas erred in permitting the defendant in this case, under the plea of non assumpsit, without affidavit, to disprove the execution of the note upon which the suit is brought. It is said that unless the construction of this statute adopted in Wright’s Reports is adhered to, the plaintiff has no notice of such defense, and is taken by surprise, whereas, if the execution of the note were denied by the affidavit of the party, he would prepare himself to rebut the evidence introduced under the plea. But how is this practically? The statute does not require the party to make affidavit denying the execution of the note; but “ that the party offering such plea shall make affidavit of the truth thereof.” Now suppose the party to have made affidavit of the truth of his plea of non assumpsit, it certainly furnishes no farther notice of this defense than is furnished by the plea itself, and still the provisions of the statute would have been strictly complied with. Under the plea of non assumpsit, which originally raised. only the question whether the liability charged had, in fact, ever been contracted, it is now well settled that a party may give in evidence anything which tends to defeat or limit the right of recovery against him at the time of the trial. Of no one of which defenses, the plaintiff could be any more particularly advised by appending the affidavit provided for in the act before referred to. This objection lies rather to the character of the plea itself—to all pleas of the general issue—than to the want of an affidavit, and furnishes a most insufficient and unsatisfactory reason for adopting the construction contended for.
At common law, and without the act referred to, the plaintiff, upon offering his note in evidence, must prove its execution; and *223 this statute, as its title implies, merely dispenses with such proof, unless the plea which puts its execution in issue is verified by affidavit, and makes no other or further ^change in the rules of evidence; so that, although, since the statute, a party may offer his note in evidence without proof of its execution, yet he offers it just as he offers any other item of evidence—liable to be met and defeated by such evidence as the defendant may be able to produce. We are all of opinion that the act in question was misconstrued in the case of Taylor’s Adm’rs v. Colvin, and that the court of common pleas did not err in admitting the evidence under the plea, without affidavit. It being made to appear, by the evidence thus introduced, that the note upon which the suit is brought was executed at Norwich, Connecticut, by John W. Abell, the next question arising in the case is as to the authority of said Abell to sign the name of Palmer to the note, which authority is to be derived solely from the following paper, to wit:
“Warren, March 14,1845.
“I hereby give J. W. Abell the liberty of making use of my name, if it will be of any use to him with his friends in Connecticut, to the amount of a thousand or fifteen hundred dollars, to borrow money. N. W. Palmer.”
This paper should be “ construed in the light of all the surrounding circumstances which induced its execution, as well as with a reference to the condition and situation of the parties.” Hilderbrand v. Fogle, 20 Ohio, 147. J. W. Abell was the brother-in-law of Palmer, about to make a trip to the east, contemplating some transactions in the wool trade, as he testifies, and Palmer doubtless intended to do what he had done by the express terms of his written authority, giving “ J. W. Abell the liberty to make use of his name, if it would be of any use to him, with his friends in Connecticut, to borrow money, to the amount limited in the writing.” And inasmuch as the name of Palmer, in the ordinary course of business, could not be used without signing it to the paper by which the transaction was to be evidenced, we think it clear that the right to use the name to borrow money at a place distant from the residence of the party conferring the right, involved the right to sign such *name to a note for the payment of the money borrowed. Without any strained construction, and by the obvious import and effect of the words employed, a power was given to J. W. Abell to sign the name.
*224 The court of common pleas, in reciting upon the record, as a reason for the decision, that the paper above quoted was merely a guaranty, and created no powers, expressed an erroneous opinion but the reasons given by the court for its judgment are immaterial, if the record shows that the judgment was, in fact, correct.
It is well settled that a guarantor or surety can only be held by the strict terms of the obligation into which he has entered. If not within the letter, he can not, by implication or otherwise, be made’ ■liable; New Haven Co. Bank v. Mitchell, 15 Conn. 206; Field v. Rawlings, 1 Gil. 581; Walsh v. Bailes, 10 Ind. 180; Miller v. Stewart, 4 Wash. C. C. 26; Bank of Washington v. Bennington, 2 Penn. 27; Blair v. Perpetual Ins. Co., 15 Miss. 559; The State v. Medary et al., 17 Ohio, 565; McGovney v. Ohio, 20 Ohio, 93.
Considering the paper as a power, in the opinion of a majority of the court, it only authorized the use of Palmer’s name to secure a loan to John W. Abell. It did not warrant the use of his name to secure the payment of a loan made to or for the use of any other pierson. Yarrington knew that the name of Palmer was signed to the note which he took, by John W. Abell, in the absence of Palmer ; and even if the paper conferring the power had not been exhibited-to him, he is held to know the extent of the power which the agent had. But it is shown that the paper was in fact exhibited to him by John W. Abell, and he can not claim that any further authority was thereby conferred than is warranted by a fair construction of its terms. He was bound to know its legal effect, and therefore must have known that it did not authorize John W. Abell to sign the name of Palmer to the note in question, given to secure a loante, or for the use of John Abell. Story’s Agency, sec. 72.
*With this view of the case, it is not necessary to notice at ■ length the defense of usury under the statute of Connecticut, hereinbefore recited. It is true, however, that the validity of a contract, is to be determined by the law of the place where made; and if void by those laws, it is void everywhere. We are all satisfied, from the evidence spread upon the record, that the contract was usurious, both as to the sum of $50 paid to Yarrington at the time for the accommodation, and as to the amount of interest accruing on this note, from its date to the maturity of the note given by Yarrington to the bank upon which the money was drawn. And, in the absence of any construction of the statute of Connecticut for the preention of usury by the courts of that state, we would have no- *225 difficulty in holding that, under the provisions of the first section of said statute, the contract upon which this loan was made was-absolutely void. Although, under the third section of said act, the party borrowing the money, if he is obliged to have discovery from, the other party in order to show usury, will be compelled, upon principles of equity, to pay back the amount of money which he-had received, without any interest, yet the note given upon such usurious loan is absolutely void; and no liability can attach to a surety on such note, either at law or in equity. So it has been held by the courts of that state; and that the defense of usury may well be made under a plea of general issue. Culver v. Robinson, 3 Day, 68; Smith v. Beach, Id. 268; Mitchell v. Preston, 5 Day, 100.
The bill of exceptions in this case also shows that the court of common pleas ruled out certain letters of John W. Abell, which were offered in evidence by the plaintiff, for the purpose of impeaching him as a witness. The letters may have been material and proper for that purpose; but the evidence thus rejected is not made part of the bill of exceptions; and we have no means of determining whether they were properly or improperly rejected. The presumption is always in favor of the decision sought to be reversed, and error will not be presumed, but must be made to appear. *Notwithstanding the court of common pleas may have assigned an untenable reason for its conclusion, this record shows that a complete and perfect defense to the action was presented, and that the judgment of said court was substantially correct; and the judgment of the supreme court reversing said judgment of the court of common pleas is therefore reversed with costs, and the judgment of the court of common pleas is affirmed.
Banney, J., having been of counsel, did not sit in this case.