Mellen.

That was a decision by a single judge at nisi prius; and, if it is good law, it goes far towards repealing the statute against usury, and in its spirit is opposed to the case of Cuthbert vs. Haley.
Sewall, J.
The only question necessary to be decided in this ° case is, whether the clause cited from the statute against usury, relied on for the defendant, is at all * applicable lo this case, as we must understand it, upon the facts stated, *51 and the verdict found under the direction given by the justice who presided at the trial.
The English statutes against usury contain a similar clause for the avoidance of usurious contracts, expressed nearly in the same terms, and entirely of the same import, as the clause in our own statute, relied on for the defendant. The construction there is, as appears by numerous decisions, that the objection of usury, to avoid a contract, must be made to the security or promise, whereupon or whereby illegal interest has been taken or reserved, and by a parly otherwise liable therein. (5) It is a remedy provided for his defence, to which he may resort if he pleases; and when he insists upon the objection, to avoid the usurious contract itself, and maintains by proper evidence, the law will not suffer the contract to be enforced against him, for the benefit of the original creditor or any other person. A renewal of the contract between the same parties, and every species of contrivance in the modification of any loan or contract, for the purpose of evading the statute, being cases within the mischief, are also within the remedy.
But where the party liable upon a usurious contract will not avail himself of the remedy provided by the statute, for the purpose of avoiding it, — where he voluntarily discharges it, or suffers a judgment to be recovered upon it, or makes it the consideration of a contract entirely new, as being with a third person not a party to the original contract, or to the usury paid or reserved upon it, or as combining other parties and considerations, and not being a contrivance to evade the statute, — there the provision no longer applies. Money paid upon a usurious contract is not to be recovered back; — a judgment upon a usurious contract is not, for that objection, to be avoided; (a) — and when made the consideration for another contract, it is neither an illegal nor a void consideration.
In the case at bar, the plaintiff, as the creditor of Byram, was a party to a usurious contract, which has been paid * or satisfied in part by the defendant’s note. This payment, therefore, Byram cannot recall; and much less shall the defendant be allowed to avail himself of a transaction so remote, where he has suffered no loss or injury, to defeat his voluntary contract, given for a just and valuable consideration, and in discharge of his debt to Byrmn. It is nothing to the defendant to what use or purpose his creditor has disposed of the demand against him, which is liable to no objection of usury; and which, being due from *52 him, has been legally transferred, and made the consideration of the note in suit. Every supposition of contrivance to evade the statute against usury is negatived by the finding of the jury, under the particular direction upon the point by the justice who presided at the trial. (b)

Per Curiam.

Judgment on the verdict.

 5 Rep. 117, Whelpdale's case. — Bull. N P. 224.

 [A judgment pursuant to a warrant of attorney may be avoided for usury in the security whereon it is founded. - Roberts vs. Goff, 4 B. & A. 92. — Vide Flint vs. Sheldon, 13 Mass. Rep 443. — Ed.]

 [Vide Chapman vs. Black, 2 Barn, & Ald. 588. — Bridge & Al. vs. Hubbard, 15 Muss Rep. 96. — Ed.]