Peck, Judge.
Washington L. Hannum executed his note to Stump & Cox, payable at the Nashville Bank, for sixteen hundred and forty dollars, dated 26th July 1817. Stump & Cox, James Tilford, Felix Robertson, Kelton H. Hill and Christopher, Stump, were indorsers to the plaintiffs.
The maker and indorsers were all sued .in this action, but the suit was abated as to Stump; Hannum confessed judgment, and the other defendants filed the plea of “nil debet.” The cause was tried in the Davidson circuit court upon which trial the evidence was, that the executors of Taithad sold a tract of land to Charles Bosley on a credit. Bosley was in possession of the money to pay for the land, of which fact Hannum was informed; he applied to Bosley to borrow the money from him. Bosley was willing to loan the money at twenty or twenty-five per cent, per annum, if the executors of Tait were willing to receive his, Hannum’s note, in payment of the land sold to Bosley. After some negotiation in relation to the loan, Hannum and Beal Bosley, the agent of Charles Bosley, agreed on the loan, at the rate of at least twenty per cent, per annum.
The sum to be paid for the land was about ten thousand dollars, and by the agreement, Hannum was to give *351 his lióte well indorsed for the money loaned, to the executors oí lait, who agreed to receive the same. In pursuance of this agreement, the note upon which this action was brought, together with others, amounting to the purchase money of the land, was executed, indorsed, and delivered to the plaintiffs. The amount received by Hannum from Bosley, was seven thousand, seven hundred and forty-four dollars; the amount for which he executed his notes, indorsed as aforesaid, was about ten thousand dollars.
There is noproofthat Bosley ever executed his note to Tait’s executors for the money due to them, for the land sold to Bosley, nor is there any proof that the executors of Tait knew the terms of the agreement made between Hannum and Bosley; nor does the court believe they had any such knowledge.
The court below, was requested to charge the jury, that the facts proved did not amount to usury between the present parties. The court refused to charge as requested, but instructed the jury, “that if the facts stated were true, it amounted to usury between Hannum and Bosley, and that the plaintiffs, whether they knew the fact or not, were in no better situation than Bosley, and that if the note would have been void in Bosley’s hands, it is equally void in theirs, and that no action could be sustained upon it, in the hands of either.” This charge was excepted to by the plainliff’s counsel, and a verdict and judgment having been rendered for the defendants, the plaintiffs prosecuted a writ of error to this court.
The question for this court to determine is, whether the above charge of the circuit court was correct. It is admitted that the contract between Hannum and Bosley is clearly usurious, and it is for the court now to enquire, whether by the subsequent giving and indorsing the note, it still stands tainted with usury in the hands of the plaintiffs.
To avoid the operation of the act of 1741, ch. 11, (which will presently be referred to,) it is contended, that, although the original contract was usurious, yet the note *352 v^as not executed or delivered to Bosley, but was by the . . _ _ . agreement executed and indorsed immediately to the plaintiffs, who had no knowledge of the corrupt agreement between Hannum and their debtor, Bosley, and who received it in payment of a just debt, due to them from-Bosleyj and that the note not being executed to Bosley and by him assigned to the plaintiffs, but made and indorsed directly to .them, the decision of the cause must bé governed by the principle said to be settled in the case of Ellis vs. Warner, (Cro. Jac. 32.
The principle which that case establishes, is said by Mr. Ord to be, that a security given by the borrower to a person not privy to the usurious agreemént, and to whom- the lender is indebted in so much money, shall not be avoided by the usury. (Ord on Usury, 98. The case when examined does not, it is conceived,- establish any such principle. If it did, it has, as MV.‘Plowden in his treatise on usury page 213 very correctly observes, been abandoned in those later cases, where it is decided, that a security given to the lender, is void in the hands of an innocent holder for value," without notice of the usury;" and notwithstanding what Mr. Ord has said upon this subject, I can perceive no' difference between ,,a void security indorsed to an innocent party, and one which is made directly to him, founded upon á void contract, and which" is itself declared void by the words and spirit' of the statute prohibiting the making of such contracts.
The act of 1741, ch. 11, says, “that no person shall upon any contract to be made after the first of May, direct-' ly or indirectly, take for the loan of any moneys, wares, merchandize, &c. above the value of six pounds, by way of discount or interest for the forbearance of one hundred pounds for one year, &c., and that such bonds, con-" tracts and assurances whatever made after the time aforesaid, shall be utterly void.” Can language be more explicit, more pointed than this? It not only makes the contract or agreement void, but in the most direct terms, declares the bond or assurance, (which is the mere security given for the performance of the contract,) void also.
*353 A bilí of exchange or a promissory nofc, is an nssu- ' . , . , , , , .... ... ranee vuti.in the flat ule, (UrJ oil usury V)],) and tins as-, sui'ani:!, it’ it bo given upon an usurious contiacl or con-siduralioi’, is do< l.ued a nullify. Docs it make any diff.wenee in principio, whether an instrument declared void by the law, is made payable to the parfy making the contract or to any other person? If it is the usury,.and not the party to whom it is payable which avoids it, it surely can make no difference whether it is payablé to A or B. The only enquiry is, upon what consideration was the note executed. When that is ascertained tobe money loaned at a higher rate of interest Ilian is permitted by the law, then the action of (lie statute operates upon the, instrument, and declares it a nullity, regardless of the parties, or the person to whom given.
The statute declaring the nolo void has made no exception in favor of innocent third persons, not conusant of the usurious transaction, and the law is well settled,' that where a statute declares an instrument of a particular kind ór description void, it is void it- the. hands of all persons. Lowe vs. Waller, (Douglass’ Rep 736.
Nor does it make any difference in law, whether the security or nole lie taken in the name of another person; it is equally void, as if taken in the name of the lender. Barret vs. Tompkins,(Skinner’s Rep. 348; cited, Ord on usury 97.
The contract between ITannum and Bosley was clearly void; the note sued on was a mere security or assurance for the repayment of (he money loaned and the usirri» ousinterest reserved upon it, and though it were not given directly to Bosley, nor his name indorsed upon it, it is still a note given for the repayment of money borrowed at a rate of interest not allowed by the law. If this shift or contrivance, is to take it out of the operation of the act of ITil, then the statute can in almost every case be evaded, the intention of the Legislature \iolated, and the'act in effect be repealed.
If then, the case of Ellis vs. Warnes, established the principle stated and contended for, it is wholly at war *354 with all the analogies of the law, and is in direct violation of the words and expressed Will of the Legislature;but as was before remarked it does not sanction any such principle. In'that case, Warnes was indebted to Alder in £100 on an usurious contract, and Alder was indebted to Ellis, the plaintiff, in the sum of £100, which was a just debt: for this debt due to Ellis by Alder, he, together with Warnes,.executed the bond sued on, Ellis not knowing of any usurious contract or contracts between Alder and Warnes. This bond was held not to be usurious.— What is the principle established by the case? That where a debtor gives his creditor a bond for a debt honestly due to him, in which bond W., another person joins, between whom and the debtor there was usury, that it should not avoid the bond executed by them both. If in the case before the court, Charles Bosley, the debtor of the plaintiffs, had given his note to them, in which Hannum who owed-the amount of the note upon a usurious debt, joined with Bosley, it would then be like the case of Ellis vs. Warnes.
Warnes was in fact the mere security of Alder to Ellis. Alder still continued the debtor, and as to him the bond was clearly good; it was executed for his own debt, and although i.t might have been and perhaps was understood between Warnes-and Alder, that Warnes should pay the bond, the plaintiff had nothing to do with that; Alder his debtor was still liable to him, as well as Warnes.
Suppose A procures B, by fraud or other undue means, to become bound with him in a bond to C, the latter having no knowledge of the transactions between them; can A plead this matter against C? Surely not. There is no difference in principle between the two cases.
In the case before the court the note was made and indorsed upon an usurious agreement between Hannum and Bosley, and was delivered to the plaintifls without Bosley’s indorsement,in payment of Bosley’s debt. It falls dearly within the principle of Lowe vs. Waller. (Douglass’ Rep. 736, and 1 Camp. Rep. 141. 2 John. Cases 60; and 3 John, Cases 66.
Suppose the note had been delivered to Bosley, would *355 •it not have been void in his hands? no man will donbt it. If he had transferred it to the plaintiffs, either with or without his indorsement, would it not have been void in theirs? Surely it would; and can it be possible, that because he never received or touched it, but ordered it to be delivered to his creditors (the plaintiffs) in pursuance of an agreement between them, that the illegality of the transaction is purged? To say so, would be to ..overturn the settled principles of the law.
Without travelling through all the cases cited for the plaintiffs, we will notice that of Jackson vs. Henry. (10 John. Rep. There the question arose, not in a suit upon the instrument executed for the usurious consideration, but collaterally in an action of ejectment. The mortgage deed under which the plaintiff purchased was objected to for usury. But the court got clear of the objection in consequence of the intervening sale, and deed founded thereon, which was held to have the effect of a .sale under a decree of a court of chancery. There is no question,but what this case was rightfully determined; it was likened to the case of a sale in market overt, which ■would pass the title to stolen goods; and it was said by thejudges that that case was different from any found in the English books. The court recognize in express terms the case of Lowe vs. Waller, (Douglass 736,) where the innocent assignee could not recover upon the usurious security.
The' case of Bearn vs. Bastow, (9 Mass. Rep. 45,) was also cited and relied upon. That was not an action on an usurious note, but on one which when given operated as a payment of the usurious debt, and the court puts it .upon that point; for says the court, “he volundrily pays -it, or suffers judgment to be recovered against him, o.r .makes it the consideration of an entirely new contract with a third person, therefore the plea shall not avail .him;” and adds further, “this payment Bearn cannot re-cal.”
It is impossible to view the case before the court, without seeing that on the face of this contract there is usuryt *356 Hnnn'im binds himself for$ 10,000 on a note, and receives only §‘7,714, and on (his nolo the action is brought.
Bosley directed to whom the note should be made; he wanted the indorsers to secure (he money. If really the executors of Tale had agreed to receive the note thus indorsed, still ns to the making of it and transacting the business through the Bank, Bosley’ might well be considered the agent of the plaintiff; and would justify the observation of the circuit judge that Bosley must be considered the agent. The contract was made by Bosley for the usury; and not being able to perceive from this record, that Tail’s executors ever had taken security for the consideration of the sale ofthc land, or if taken, that they were given up or considered as paid, thereby discharging Bos-ley, we find no authority to sustain us in determining this cause for the plaintiff. As to the hardship of the case, it is useless to speak of it; wc cannot know winch way it lies; though in the absence of proof to the contrary, we may infer that this bond had been taken by the executors as collateral security.
White, Juige.
The note upon which this suit is brought, is tainted with usury. The sum of money by it promised to be paid, and for which payment it professes to be an assurance, is an aggregate compound of principal, and usurious interest upon that principal, at a not less .rate .'than 20 per cent, the two items of principal, and interest'together making the amount.
Our act of 1741, ch. 11, see. 2, says, “No person upon any contract shall, directly or indirectly, take for loan of any'monies &e. above the value of six pounds by way of discoun(§or interest, for the forbearance of £100 for one 'year, and that all bonds, contracts, and assuranccs whatever, for the payment of any principal money to be lent, &c. upon or for any usury whereupon or whereby, there shall be reserved or taken above the rate of six pounds in the one hundred pounds, shall he utterly void.”
Under this act, the note in this record is utterly void, and no suit can be supported on it, It is argued for the *357 ffinintiffs in error, that they are innocent holders of the lote, having no knowledge of the corrupt agreement be-.ween Bosley & Uannum, and therefore, being neither parties nor privies to the usury, ought not to suller for the illegal acts of others. The testimony of llannurn establishes the fact, that this note was given for money loaned to him by Bosley, with interest at not less than 20 per cent, reserved thereon, and that it, with the endorsers thereon, was tin assurance for the repayment of said principal and interest so loaned. The repayment it is true, was not reserved to Bosley in terms by the assurance, but to the plaintiffs as executors of Tail, which assurance, together with others to the amount of the purchase money of the land, due by Bosley to them, was received by them as satisfactson for,and in payment of said purchase money. They cannot be in a more favorable situation than an endorsee without notice, who has fairly and innocently paid the amount of the note to his endorser; which situation would be no answer to the defence set up of the statute of usury. It is immaterial to whom the repayment is made by the note; the act-malts the bond, contract, or assurance, utterly void, and they’ cannot give a right to any holder by action upon them to recover the money specified to be due thereby. The statute forbids it. The case of Lowe vs. Waller, (Doug. Rep. 736,) is in point. Let the judgment be affirmed.
F. B. Fogg for plaintiffs in error.
Balch for defendants.
Catron, Judge, concurred.
Judgment affirmed.