By the Court,
Bronson, J.
The statute declares void all contracts and securities affected with usury, without any reference to the source from which the objection comes, or the consequences which may follow. But the courts have been disposed to fix some limit to the influence of this sweeping provision, and it seems necessary that they should do so, for otherwise the greatest injustice would often be doue to innocent third parties. It has accordingly been held, that a bona fide purchaser under a statute foreclosure of a mortgage void for usury, will acquire a good title. (Jackson v. Henry, 10 John. R. 195.) But if the purchase be. made by the mortgagee, his title may be impeached. Jackson v. Dominick, 14 John. R. 435; Jackson v. Tuttle, 9 Cowen, 233.) And so it would probably be with any other purchaser who had notice of the usury.
So, where a note affected by usury has been transferred to a bona fide holder, and the debtor thereupon gives such holder a new security for the debt and takes up the note, he cannot afterwards set up the defence of usury to an ac *524 tian oil the substituted contract. (Cuthbert v. Haley, 8 T. R. 390.) But if the substituted contract is made between the same parties, the original taint of usury will affect the new security. (Tuthill v. Davis, 20 John. R. 285; Preston v. Jackson, 2 Stark. R. 237.) Other exceptions to the unrestricted influence of the statute will be found in Ellis v. Wames, (Cro. Jac. 33, and Yelv. 47;) Bearce v. Barstow, (9 Mass. R. 45;) Stone v. Ware, (6 Munf. 541.) And see Hussey v. Jacob, (1 Ld. Raym. 87: also reported 1 Salk. 344; 12 Mod. 97; Com. R. 4; Carth. 356.) These exceptions all ' stand upon the principle of protecting, as far as possible, an innocent third party who had no notice of the usury. Turner v. Hulme, (4 Esp. R. 11,) stands on a more questionable footing, but it does not affect the present inquiry.
Contracts affected by usury are not so utterly void but that they may be ratified ; and, therefore, if a borrower repay a loan which he might have avoided for usury, he cannot recover the money back again; though, under our statute, he may recover the excess which has been paid beyond, the legal interest. So, if the debtor make a conveyance of his land to the creditor in satisfaction of a usurious debt, the deed cannot be avoided for the usury. (Denn v. Dodds, 1 John. Cas. 158. And see Pratt v. Adams, 7 Paige, 615.) And wherever a man has conveyed his property upon a usurious contract, the deed will stand good until the grantor or some one claiming under him chooses to avoid it. It is not a mere nullity. (Whelpdale’s case, 5 Co. 119 ; Bull. N. P., 224.)
This brings us to the consideration 'of another exception to the sweeping influence of the statute. A deed or contract can only be avoided for usury by the party who made it, or by some one standing in legal privity with him, and not by a mere stranger to the transaction. The counsel for the plaintiff insists that her case comes within this ex^ ception, and that the defendant cannot set up usury in avoidance of the mortgage under which she makes title to the goods. That position cannot, I think, be maintained.
*525 ■ It has never been doubted that one who is privy in representation, as the executor—or in blood, as the heir, may set up the usury. So also may one who is privy in estate, as the grantee of him who made the usurious conveyance. (Jackson v. Dominick, 14 John, R. 435.) In short, the exception we are considering comes about to this—a mere stranger, or one who has no legal interest in the question, shall not officiously intermeddle in the matter, and take advantage of a statute which was not made for his benefit. But a creditor who has obtained a judgment and execution cannot be regarded as a mere stranger. He may seize and sell the property of his debtor, and try the title of any one who sets up a prior lien or incumbrance affected by usury.(a) This point was involved in the case of Jackson v. Tuttle, (9 Cowen, 233;) and although that judgment was afterwards reversed, it was upon another ground. (6 Wend. 213.) A purchaser under a judgment and execution is an assignee by operation of law, and so stands in legal privity with the judgment debtor. We have not been referred to any case, nor have I met with any one, which denies that an execution creditor may seize and sell the property of his debtor, and thus try the validity of any prior charge or incumbrance on the ground of usury. The statute is broad enough to cover the case, and I do not feel at liberty to make an exception which has not been made before.
Some of the cases on which the plaintiff relies, remain to be noticed. Reading v. Weston, (7 Conn. R. 409,) only decides that a mere stranger to a conveyance cannot avoid it for usury. It wets a controversy between two towns concerning the settlement of certain paupers, and the question was, whether Lucy Darling, the grand-mother of the paupers, had gained a settlement in the town of Reading as the purchaser and occupant of certain real estate in that town, which had been conveyed to her twenty years before by one Burr. The town of Reading proposed to *526 show the deed void for usury; but the evidence was held inadmissible. Burr had never questioned the validity of the deed, and there was-no legal privity between him and the town of Reading. In Green v. Kemp, (13 Mass. R. 515,) the demandant claimed under a mortgage to himself from Isaac Woods, in 1808. Two years afterwards, Woods conveyed the “ equity of redeeming” the land to the defendant. The court would not permit the defendant to set up usury in the mortgage, for the reason that he had no title to the land—having only purchased the right to redeem, of which he had not thought proper to avail himself. It was admitted that if he had purchased the land, though with notice of the mortgage, he might have set up the usury. French v. Shotwell, (5 John. Ch. R. 555,) proves nothing in favor of the plaintiff.
Much as I regret that this lady should lose her money, I see no ground upon which she can maintain this action.
Judgment for defendant.

 See Post v. Dart, (8 Paige, 639;) also De Wolf v. Johnson, (10 Wheat. 367, 393,) in connection with Lloyd v. Scott, (4 Peters, 205, 228, 229, 230;) Trombo v. Blizzard, (6 Gill Johns. 18, 23, 24.)