### George W. Stanley *versus* William Kempton.

A note given in *payment* of usurious paper, held by the promisee against a third person, cannot be avoided for want of consideration.

If the maker of a usurious note procure a third person, having no connection with it, to give his note for the amount, *in payment* of such usurious note, such third person cannot avoid his note, on account of the usury between the former parties.

But, *it seems*, he might avoid it, if it had been given, not *in payment*, but in renewal or substitution, of the original usurious note.

The statute of limitations does not bar a witnessed note, sued in the name of an indorsee, though the indorsement were made more than six years after the payday of the note.

REPORT of legal questions from the District Court, RICE, J.

Stanley *v.* Kempton.

The action was *assumpsit*, commenced in 1848, upon a witnessed promissory note for $91,38, dated July 12, 1839, payable to Francis Butler or order, in one year with interest, and indorsed to the plaintiff more than six years after its payday. Brief statement of usury and of the statute of limitations.

In defence, it was proved that Butler, on said 12th of July, 1839, held three notes against one Bangs, upon which was due $91,38; that the whole amount of said notes was for excess of interest over six per cent. upon some larger notes which Butler held against Bangs, and which, with the lawful interest upon them, have been paid to Butler; that, on that day, Bangs being called on by Butler to pay said $91,38, due on the three notes, procured the defendant to give his note of the same amount, (the one now in suit,) in payment for and discharge of said three notes, and that said three notes were thus paid and discharged, and thereupon given up to said Bangs.

On the foregoing facts, the following points of law are presented for the adjudication of the Supreme Judicial Court, to wit: —

1st. Whether the note in suit is barred by the statute of limitations?

2d. Whether said note is void for want of consideration?

3d. Whether said note is void by reason of usury, either in this note or the three small notes for which it was given.

4th. Whether this action was improperly brought in the name of the indorsee?

In case either of the above questions are answered in the affirmative a nonsuit is to be entered, otherwise a default and judgment for the amount of the note and costs.

*Morrell,* for plaintiff.

*Sherburne,* for defendant, cited R. S. c. 69, § 2; *Bridge* v. *Hubbard,* 15 Mass. 92; *Warren* v. *Crabtree,* 1 Greenl. 167; *Lowell* v. *Johnson,* 14 Maine, 240.

SHEPLEY, C. J. — When a security for the payment of money is usurious, and the debtor procures a third person,

having no connexion with it, to give his note, which is free from usury, in payment, such third person cannot avoid payment of his own debt on account of the usury between the other parties. *Bearce* v. *Barstow,* 9 Mass. 45 ; *Lowell* v. *Johnson,* 14 Maine, 240 ; *Little* v. *White,* 8 N. H. 276 ; *Reading* v. *Weston,* 7 Conn. 409 ; *Green* v. *Morse,* 4 Barb. 332.

When the note of the third person is given not in payment but for renewal or as a substitute for the original security, the note may be under our law in part or in whole avoided by proof of usury in the first contract. *Bridge* v. *Hubbard,* 15 Mass. 96 ; *Warren* v. *Crabtree,* 1 Greenl. 167 ; *Lowell* v. *Johnson,* 14 Maine, 240.

The importance and justice of this distinction will be perceived, when one considers, that the maker of the usurious contract has upon payment of it a right to recover back the usurious interest, which he has paid ; and if the maker of the second contract used to pay it were allowed to avoid the payment of his contract, the creditor might be compelled to account to two different persons for the same excessive interest. When the second contract is not received in payment, but as a substitute or for renewal of the first, no such result can occur, for the first debtor can have no claim upon his creditor on account of the usurious contract, and the last may take advantage of the usury secured by his own contract.

The testimony presented in this case proves a payment of the three usurious contracts first named, and not a substitution of this note for them. It was a negotiable note, and by our law, such a note is *prima facie* evidence of payment of the debt for which it was given. The testimony, instead of rebutting the legal presumption, confirms it. The case states, " Bangs being called upon by Butler for payment of these first named notes, procured the defendant to give his said note in payment for and discharge of the same, and said three notes were thus paid and discharged and thereupon given up to said Bangs."

The statute of limitations is no bar to an action brought in

the name of an indorsee upon a negotiable promissory note, which was signed in the presence of an attesting witness. Act of March 23, 1838; R. S. c. 146, § 7; *Quimby* v. *Buzzell,* 16 Maine, 470.

The consideration of this note is sufficient, it having been given to pay three other notes, which Bangs might lawfully pay, if he pleased to do so, and to procure his discharge from all trouble respecting them.                *Defendant defaulted.*