GATHERCOLE *v.* YOUNG.

61   121
f69   573

It is no defence to a promissory note that it was given in payment of usurious interest for a third person at his request.

ASSUMPSIT, on a note for $700, dated February 9, 1877, made by the defendant to the plaintiff, payable on demand with interest annually. Facts found by the court.

The plaintiff held two notes, one for $1,200 and the other for $300, against one Brooks, their understanding being that the interest should be ten per cent.; and the first year's interest at that rate

was paid, and other payments were made. The plaintiff, the defendant, and Brooks agreed that the defendant should give his note to the plaintiff for the balance due on the $300 note and for the interest due on the $1,200 note, and that the plaintiff should give up to Brooks the $300 note and indorse on the $1,200 note payment of interest—interest on both to be computed at eight per cent. According to that agreement, the note to be given to the plaintiff by the defendant would be for $716. The plaintiff gave up the $16, took the defendant's note for $700, which is the note in suit, and the rest of the agreement was executed. There was no mistake in ascertaining the amount of the note to be given by the defendant.

The amount of usury in Brooks's payment of the first year's interest on his notes to the plaintiff was $60. The amount of usury afterwards involved, in reckoning the subsequent interest on those notes at eight per cent., was $150.37. In other words, said sum of $716 would have been $150.37 less if the interest on Brooks's notes after the first year had been reckoned at six per cent. instead of eight per cent. The consideration of the note in suit was the indorsement of interest on the $1,200 note and the giving up of the $300 note. The $300 note and the interest due on the $1,200 note were understood by the plaintiff, the defendant, and Brooks to be paid by the defendant's giving the plaintiff the note in suit. Brooks gave the defendant a note and mortgage for a larger sum than $700 to secure the defendant for giving the note in suit, and for other debts and liabilities.

The defendant and Brooks moved that Brooks have leave to appear as the defendant in interest. The motion was denied, and they excepted. The court ruled that the plaintiff is entitled to judgment for the principal and interest of the note in suit, without any deduction for usury or failure of consideration; and the defendant excepted.

*W. H. Shurtleff*, for the defendant.

*Dudley & Remick*, for the plaintiff.

CLARK, J. There was no usury in the note in suit. No illegal interest was secured in or by it, or agreed to be paid upon it, nor was it given as security for or in payment of any usurious loan made by the plaintiff to the defendant. The defendant had neither paid nor agreed to pay a higher rate of interest than six per cent. upon any contract made between him and the plaintiff, and no deduction could be made from the amount due upon the note on the ground of usury, for no usury existed.

The consideration of the note in suit was the indorsement of interest on the $1,200 note, and the giving up of the $300 note by the plaintiff; and the $300 note and the interest due on the $1,200 note were understood by the plaintiff, the defendant, and Brooks to

be paid by the defendant's giving the plaintiff the note in suit. The consideration was sufficient and legal. The case finds there was no mistake in ascertaining the amount of the note to be given by the defendant. The payment was made by the defendant to the plaintiff in behalf of Brooks, by giving the note at Brooks's request, and Brooks gave the defendant a note and mortgage to secure him for giving the note in suit. Upon these facts the defendant was not entitled to any deduction for want or failure of consideration. *Stanley* v. *Kempton*, 30 Me. 118. The defence of usury is personal. *Ladd* v. *Wiggin*, 35 N. H. 421. It is a defence given by statute for the protection of the borrower against oppression, which he may waive. The borrower always has the option of paying his usurious debt. There is no statutory prohibition against his paying, and if he chooses to do so no one else has the right to object. In the present case the payment of usurious interest was upon the debt of Brooks. It was the right of Brooks to determine whether he would pay it, or interpose the defence of usury; and if, after voluntary payment, it could be recovered back ( *Willie* v. *Green*, 2 N. H. 333, *Cross* v. *Bell*, 34 N. H. 82), it was the right and privilege of Brooks alone to recover it. *Little* v. *White*, 8 N. H. 276. The fact that the plaintiff had received usurious interest from Brooks could not avail the defendant as a defence to his note.

The motion that Brooks have leave to appear as defendant in interest was properly denied. He was not a party to the note, nor was he a subsequent attaching creditor; and there being no question of fraud, collusion, or estoppel, if admitted to defend he would have stood upon no better ground than the defendant. *Mathewson* v. *Powder Works*, 44 N. H. 289, 292, 293.

*Exceptions overruled.*

Doe, C. J., did not sit: the others concurred.