The inhabitants of the town of READING *against* The inhabitants of the town of WESTON.

</div>

An absolute deed of land, given to secure the repayment of money loaned on usurious interest, may, as between the parties to such deed, be avoided, by parol proof of the usury.

But no person other than the oppressed party to a usurious contract, can avoid such contract, on the ground of usury.

*Fairfield,*
June, 1829.

Reading
*v.*
Weston.

A NEW trial having been granted, pursuant to the determination of this Court, *ante* 143, 149., the cause was tried again, at *Danbury, September* term, 1828, before *Peters,* J.

On this trial, as on the former, the case turned on the settlement of *Lucy Darling.* The absolute deed from *Joseph Burr* to her, dated the 19th of *March*, 1808, of a tract of land in *Reading*, of the value of 800 dollars, and the writing which she immediately gave back to him, as stated in the case made on the former trial, appeared in evidence. It appeared, also, that she immediately removed into the town of *Reading*, and there occupied a part of the estate so conveyed to her, and *Burr* the other part, for the term of five years.

The plaintiffs claimed and offered testimony to prove, 1st, that the part of the estate possessed by *Lucy Darling,* was of less value than 100 dollars ; 2ndly, that she occupied as tenant of *Burr*, and not in her own right ; 3rdly, that at the time of executing said deed and writing, it was usuriously and corruptly agreed, by the parties to those instruments, that she should loan to him the sum of 800 dollars, for the term of three years, and that he should repay it within that term, with lawful interest, and that, in addition to such interest, he should give her, for such loan and forbearance, the use of that part of the estate occupied by her, and keep her cow ; and that to secure the fulfilment of such usurious and corrupt agreement, and for no other consideration, *Burr* executed and delivered the deed. To the admission of this testimony the defendants objected, on these grounds : 1st, because the deed was absolute ; and 2dly, because the agreement could not be proved between the present parties. The judge admitted the testimony offered, and instructed the jury, that if such corrupt agreement was made, and the deed was given in fulfilment of it, they ought to return a verdict for the plaintiffs.

The jury found for the plaintiffs ; and the defendants moved for a new trial.

*N. Smith* and *Swift*, in support of the motion, contended, 1. That parol evidence is inadmissible, to shew, that an absolute deed is a mortgage. This results, first, from the principles of the common law. The contract being reduced to writing, the writing will be considered as embracing the *whole* contract ; and it cannot be *enlarged* or *varied* by parol. This is not a case of mistake. There was no deviation from the intention of

the parties. Secondly, the subject of the deed being an interest in land, a parol agreement concerning it is void by the statute of frauds and perjuries.

2. That this being an absolute deed, proof of usury was inadmissible to invalidate it. The rules of evidence are not altered, by the statute against usury. To make out usury in this case, you must prove a loan of money—and that it is secured by this deed. To do this, you must alter the nature of the instrument ; you must convert one contract into another. You might as well change a deed into a lease, or a will, or a power of attorney. *Flint* v. *Sheldon*, 13 *Mass. Rep.* 443. In all cases of illegal considerations, you prove the illegality, and destroy the contract *as it is*, and not change it into a different one for this purpose.

3. That these parties cannot avail themselves of the usury, not being parties or privies to the contract. *Green* v. *Kemp*, 13 *Mass. Rep.* 515. *Bearce* v. *Barstow*, 9 *Mass. Rep.* 45. 48. *Bridge* & al. v. *Hubbard*, 15 *Mass. Rep.* 96, 103. *Whelpdale's* case, 5 *Rep.* 117. *Bac. Abr. tit.* Usury. E. *Bull. N. P.* 224. The party to the security must come in, and avoid it, by plea ; otherwise no advantage can be taken of the usury.

*Sherman* and *Booth*, contra, insisted, 1. That parol testimony, notwithstanding the form of the deed, was admissible, to shew, that the land was conveyed to *Lucy Darling*, on a usurious consideration, and to secure a usurious loan. The opinion of the court given by *Jackson*, J. in *Flint* v. *Sheldon*, 13 *Mass. Rep.* 443. they denied to be law ; and relied upon the decision of the Supreme Court of Errors of this state, in *Mitchell* v. *Preston*, 5 *Day* 100.

Admitting explicitly, that a usurious contract is voidable only, at the pleasure of the borrower, and not void ; and that strangers to the contract cannot avoid it ; they insisted, that an estate voidable at the will of the party creating it, is not such " a right in the fee of a real estate" as is contemplated by the statute. *Stat.* 280. *tit.* 51. *s.* 3. The object of the act was, to make the persons inhabitants of towns, who had the means of support, and would not, therefore, be likely to become chargeable. If *A.* should convey to *B.* in fee an estate of competent value, but should reserve to himself a right of entry, at any time within a given period, to avoid the estate ; *B.*, although a tenant in fee, would not have such an estate in the

land as would confer a settlement under the statute, as his support, so far as it depended on the land, would be at the will of the grantor. In that case no stranger could take advantage of the right of entry; it would not be void, but voidable only; nevertheless, as it would not give a settlement, the town might shew the reservation. The deed in question, being usurious, conveys a title equally frail. The grantor may avoid the estate at pleasure. The title of *Lucy Darling*, depending on his will, is not such a right as in any manner satisfies the intent of the legislature. She has, by virtue of it, no support, of which *Burr* may not, at any time, deprive her. If this be so, the plaintiffs may prove the usury, not for the purpose of avoiding the deed, but to shew, that her estate was not of such a character as to give her a settlement in the town of *Reading*.

The counsel for the defendants, in reply, commented minutely on the case of *Mitchell* v. *Preston*. In that case, they observed, the court admit, that a contract, to be usurious, must be such as could be enforced aside from the statute against usury. They also insisted, that it must be such as could be enforced *in the same form ;*—not such as might be enforced, when changed into a different form. It would not then be the same contract. Now, how could the contract in question be enforced, laying usury out of the case ? Not as a mortgage ; for you cannot have a parol mortgage. The borrower can do nothing to resist this deed or any claim under it. By this decision, you must first prove a contract capable of being enforced ; and then you may prevent its being enforced, by proof of usury. It is a security, the court say, because the land is of more value than the money paid : the grantee has got the usurious interest already. Admit that he has ; the excess only can be recovered back.

HOSMER, Ch. J. The first objection made assumes the broad ground, that as between the parties to the deed, usury is an inadmissible plea, because the deed is absolute.

Considering it as absolute, (whether it be so or not) I am of opinion, that the testimony was admissible as between the parties to the deed, notwithstanding the determination in *Flint* v. *Sheldon*, 13 *Mass. Rep.* 443. in a neighbouring state, to which I cannot subscribe.

The words of the statute prohibiting usury are very broad.

The law invalidates not only " all bonds and contracts" made for the payment of usury, but " all mortgages and assurances." An absolute deed is both a contract and an assurance ; (2 *Bla.* *Comm.* 294.) and therefore, is within the letter of the law. That it is within the object of it, is equally unquestionable. The act was made to prevent usurious oppression in every case, regardless of the face or form of a transaction, with whatever garb it may be clothed, and whatever device it may assume. *Lowe* v. *Waller, Doug.* 736. *Jestons* v. *Brooke, Cowp.* 793. 796. *Massa* v. *Dauling,* 2 *Stra.* 1243. *Tate* v. *Wellings,* 3 *Term Rep.* 521, 538. *Rich* v. *Topping,* 1 *Esp. Rep.* 176. *Atkinson* v. *Scott,* 1 *Bay* 303. *Carter* q. t. v. *Brand,* 1 *Cam. & Nor.* 28. 5 *Rep.* 69 *b.* Many evasions of the statute have been attempted ; but the courts have uniformly supported its spirit, by stripping off every disguise, however plausible or specious, and unveiling the corrupt transaction.

Absolute conveyances, both of land and personal property, have been invalidated on proof of usury. *Bro. tit.* Usury. *pl.* 1. *Car. ter* and *Claycole's* case, 1 *Leon.* 307. *Peterson's* case, *Cro. Eliz.* 1... *Doe* d. *Davidson* v. *Barnard,* 1 *Esp. Rep.* 11. And in *Mitchel... v Preston,* 5 *Day* 100. it was determined, by this Court, that an ab... solute deed of land, made to secure an usurious loan, was void.

As between the parties, then, the tes... timony offered would be admissible ; but the plaintiffs, in this case, w... re not a party. This raises the question, whether those who are no.. t a party to an usurious transaction, may be admitted to invalidat.. a deed, for the usury, with which such persons have not been, and could not be, oppressed.

It has been long and uniformly established law, that one not a party to an usurious contract, may not, for this cause, invalidate it. *Whelpdale's* case, 5 *Rep.* 119. *Bull. N. P.* 224. *Carter* and *Claycole's* case, 1 *Leon.* 307. *Ord* on *Usury* 105. 110. *Bearce* v. *Barstow,* 9 *Mass. Rep.* 45. *Green* v. *Kemp* 15 *Mass. Rep.* 515. The reason is extremely obvious. The law of usury was made to prevent oppression, and to rescue the party oppressed ; but it never was intended for the benefit of those, who are not, and cannot be, injured, by an usurious transaction. It falls within that class of statutes, in which, although a contract is declared to be utterly void, it is voidable only, at the election of the oppressed party. *Lincoln College* case, 3 *Rep.* 58. *Whelpdale's* case, 5 *Rep.* 119. To actions

*Fairfield,*
*June, 1829.*

Reading
*v.*
Weston.

of this sort applies the maxim, *Quisquis potest renunciare juri pro se introducto.* In cases of small oppression, an individual, influenced by a principle of justice, or a nice sense of honour, may waive the benefit of avoiding an usurious contract, as being utterly disproportioned to the meditated wrong. Why should he not be permitted to do it? And on what good reason may a stranger to an usurious agreement be suffered to do what the party in interest may consider as incompatible with honour and integrity?

I think it extremely clear, that the evidence offered was inadmissible *in behalf of the plaintiffs;* and for this cause, that a new trial ought to be advised.

The other Judges were of the same opinion, except DAGGETT, J., who gave no opinion, having been of counsel in the cause.

New trial to be granted.