## EPHRAIM LOOMIS *vs.* LEVI EATON.

The commissioners on the insolvent estate of a mortgagor disallowed interest on a mortgage note presented against the estate on the ground of usury, and allowed only the principal. A second mortgagee had purchased the equity of redemption and appeared before the commissioners to defend against the claim with the administrator on the ground of usury. Held, on a bill of foreclosure afterwards brought by the first mortgagee, that the judgment of the commissioners was not conclusive against him on the question of usury.

The allowance or disallowance of a claim by commissioners can only affect the insolvent estate itself.

The estate paid a dividend of 25 per cent. on the amount allowed by the commissioners. The note was on three years' time with annual interest, and at the time the bill of foreclosure was brought nothing was due on it but one year's interest. Held that, as the amount allowed by the commissioners was wholly principal, the dividend was to be applied solely to the principal, leaving the interest unpaid.

The defence of usury is a mere personal defence, of which no other party but the debtor can take advantage.

BILL for a foreclosure; reserved on facts found by a committee for the advice of this court. The case is sufficiently stated in the opinion.

*O. S. Seymour* and *Barbour*, for the petitioner.

*Hall* and *Hicthcock*, for the respondent.

DUTTON, J. The respondent in this case was a second mortgagee and a purchaser of the equity of redemption of the mortgaged premises. The first mortgage was to the petitioner to secure a note for $2,000 payable in three years with interest annually. The mortgagor died and his estate was represented insolvent. The petitioner presented the $2,000 note to the commissioners on the estate and they allowed only $2,000, although the note had run more than a year. This is all that appears from the records of the court of probate. It was shown by parol evidence to the committee who were appointed to find and report the facts in this case, that both the administrator and respondent appeared before the commissioners and objected to the allowance of interest on the note on the ground of usury, and that the commissioners disallowed the interest on that ground.

The committee find that the note was not usurious, unless the finding of the commissioners is conclusive to show that it was.

It is very clear that this finding can have no such conclusive effect. The record of itself may perhaps show that the commissioners did not allow any interest. This however is merely inferential, as it only shows an allowance of $2,000, which happens to be the precise principal of the note.

The fact that the respondent was present and assisted the administrator in making a defense can make no difference. He was not a party to that proceeding. And the allowance or disallowance of a claim by the commissioners could only affect the property in the hands of the administrator.

It has been repeatedly held that usury is a merely personal

defense. It is optional with the debtor to take advantage of the statute or not. It was intended for his protection.

The question in this case is, not how much shall the debtor pay, but how much is the petitioner entitled to as against a second mortgagee.

It appears that the administrator before the petition was brought had paid to the petitioner a dividend of twenty-five per cent. on the amount allowed by the commissioners. The respondent insists that this sum ought to be applied first to the interest, by doing which there would have been nothing due on the mortgage note when the suit was commenced. We think otherwise. The sum paid was a part of what was allowed, and the respondent himself now insists that this was not interest. The character of this money can not be changed to suit the purposes of the respondent. If the amount allowed was principal, the dividend paid was principal also.

We advise the superior court to decree a foreclosure on the non-payment of the interest that had become due when the petition was brought.

In this opinion the other judges concurred.

Note.—While a decision of the commissioners on an insolvent estate upon a claim before them, is not conclusive between the parties in another suit upon the same claim, which seems to be the opinion of the court in the foregoing case, and is believed to be the general opinion of the profession, yet a judgment of the superior court upon the same matter on an appeal from the commissioners would undoubtedly be conclusive. There are obvious reasons for this distinction. The commissioners are a tribunal of limited and special jurisdiction. They are a statutory tribunal for a special purpose, namely, to receive and allow or disallow claims against an insolvent estate. The object of their action is not to adjudicate and settle questions of indebtedness between one man and another, but to determine what debts an insolvent estate shall pay. Other creditors are often more interested in defending against a particular claim than the representative of a deceased or assigning insolvent can be. The commissioners have no clearly defined parties before them, no record which shows what parties actually appeared, and no pleadings. Their proceedings are wholly informal, and no writ of error lies from them. It seems only reasonable that their action should exhaust itself in determining what debts should be allowed against the estate.

When however an appeal is taken from their doings to the superior court, there are at once clearly defined parties to the proceeding, the record shows who appears, and the case is tried upon pleadings and an issue formed. The court moreover is

now one of general jurisdiction. It is not even acting as an appellate court of probate, or in the exercise of probate powers, for an appeal from commissioners is not an appeal from a decree of probate, but merely from the doings of the commissioners, who act, not in a probate capacity, but as ordinary judicial officers vested with such legal and equitable powers as are necessary to enable them to act upon the claims submitted to them. It is true that the superior court is still, like the commissioners, acting upon the claim only for a special purpose, and that purpose the same precisely as that for which the commissioners acted, namely, to determine whether the debt shall or shall not be allowed against the estate. But yet it acts by virtue of its powers as a court of general jurisdiction, and not as a special tribunal, and the object for which it makes its adjudication can not destroy the conclusive effect which attaches to all its adjudications. Thus a court of equity, in finding the amount due on a mortgage note, does so solely for the purpose of determining what amount shall be fixed as the mortgage debt in the decree of foreclosure, and yet it makes this finding in the exercise of its general chancery powers, and the finding is conclusive between the same parties in any other suit involving the same matter.                                        R.