# THE CONTINENTAL CREDIT COMPANY *vs.* CAROLINE I. ELY.

First Judicial District, Hartford, March Term, 1917.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A motion for a stay of proceedings based upon alleged facts is addressed to the discretion of the trial court, and a refusal to grant the motion cannot be held erroneous in the absence of a finding of the facts so alleged.

Desired additions to a finding cannot be made unless they are supported by the evidence; nor can a finding be successfully attacked as against the evidence, with respect to which the testimony is merely conflicting.

The defendant claimed that the notes sued upon were obtained by fraud, of which the plaintiff, to whom the notes were transferred, had notice; and asked for a correction of the finding accordingly. *Held* that while the finding clearly showed that the payee never gave any substantial consideration for the notes, the evidence as to notice was conflicting, and this court could not say, as matter of law, that the trial court erred in crediting the plaintiff's testimony rather than that of the defendant.

The trial court found that a certain contract which existed between the payee and the plaintiff, and in connection with which the notes in suit were transferred, was one of sale, while the defendant insisted it operated as a loan, for which the notes in suit were held merely as collateral. *Held* that inasmuch as it appeared from the finding that the indebtedness due to the plaintiff from the payee at all times exceeded the face value of the notes in suit, it made little practical difference whether the transaction be construed a loan or a sale; but that the contract having been made in Illinois where it was to be performed and where the parties resided, would be construed by the laws of that State, which upheld the contention of the defendant as to the nature of the transaction.

Notes given without consideration and pledged as collateral, can be enforced by the payee only to the extent of the debt or debts which they secure.

Under the laws of Illinois the defense of usury is one personal to the debtor and those in privity with him; and therefore a usurious rate of discount agreed upon between the payee and a pledgee of the notes with power to collect them, is not available as a defense to the maker of the notes when sued by the pledgee.

The denial of a motion for a disclosure which is sought solely in order

Continental Credit Co. *v.* Ely.

to support a defense not legally available to the mover, is harmless.

Whether it is possible to authenticate old paintings and engravings is not a subject of judicial notice.

Argued March 7th—decided March 14th, 1917.

ACTION by the indorsee against the maker to recover the amount of three promissory notes of $1,000 each, brought to and tried by the Superior Court in Hartford County, *Tuttle, J.;* facts found and judgment rendered for the plaintiff for $3,417, and appeal by the defendant. *No error.*

The finding recites that the defendant entered into a contract on May 17th, 1913, with Tomlinson-Humes, Incorporated, of Chicago, by which it agreed to go over all of Mrs. Ely's, defendant's, pictures, mezzotints, and prints, and to clean and restore all pictures in her house in Washington, D. C., and to authenticate, through its expert Thurber, all original paintings and engravings in her collection, and furnish her with an estimate of their value, and the defendant agreed "to make payment for such work as is contemplated and specified above," the sum of $3,000; and that in payment the defendant delivered to Tomlinson-Humes, Incorporated, three notes for $1,000 each, without interest, payable in three, four, and six months from date, respectively. Tomlinson-Humes, Incorporated, never carried out its agreement, but it was not requested to perform, and there was no evidence that it did not intend to carry out its agreement in good faith at the time it was made, and at all times. Tomlinson-Humes, Incorporated, was adjudged bankrupt on July 30th, 1913.

It was a part of the agreement that the work of cleaning and restoration should not be done until about July 1st, 1913.

On June 3d, sixteen days after the delivery of the

notes to Tomlinson-Humes, Incorporated, it sold and delivered the notes to plaintiff under an existing agreement between it and the plaintiff Credit Company by which the latter agreed to buy the accounts belonging to Tomlinson-Humes, Incorporated, and to pay therefor from 98 to 87 per cent of their face value, depending upon the time in which the accounts were paid, paying 65 per cent of the face value upon acceptance by the Credit Company and the balance when said accounts were paid to the Credit Company.

Tomlinson-Humes, Incorporated, guaranteed payment of the accounts, and the payment of all expenses incurred in collecting accounts in default, and agreed to assign to the Credit Company the accounts purchased by it, to the end that it might be subrogated to all of the rights possessed by Tomlinson-Humes, Incorporated. The Credit Company had the right to appropriate deferred payments collected by it on one account to the payment of amounts due it by Tomlinson-Humes, Incorporated, on other accounts.

Under the agreement as to payment of these three notes, the Credit Company charged as discount $142.90, paid by check $1,511.54, and credited $745.56 upon the indebtedness of Tomlinson-Humes, Incorporated, on other accounts held by the Credit Company, leaving a balance between these sums and the face of the notes of $600, called a deferred payment, which, upon collection, was to be turned over to Tomlinson-Humes, Incorporated, or credited upon its debts to the Credit Company.

The plaintiff Credit Company has owned and had possession of these notes since their delivery to it, and duly presented them for payment, but they have never been paid. Tomlinson-Humes, Incorporated, has never fulfilled its guarantee, and plaintiff is still the actual bona fide holder and owner of these notes.

*Walter S. Schutz,* with whom was *C. Edgar Blake,* for the appellant (defendant).

*Terry J. Chapin,* for the appellee (plaintiff).

WHEELER, J. The assignments of error pressed are the following: 1. The refusal to correct and add to the finding. 2. The sustaining of the demurrer to defendant's motion for a disclosure. 3. The denial of defendant's motion for a stay of proceedings. 4. The holding, as matter of law, that plaintiff was a bona fide purchaser for value of these notes, and the failure to hold that plaintiff took the notes as collateral security for an usurious loan. 5. The failure to hold that defendant can avail herself of the defense of usury, and of the defenses of fraud and lack of consideration. 6. And in any event holding that plaintiff could recover more than the sum advanced by plaintiff with interest from date of advancement.

The motion for a stay of proceedings preceding the trial presented reasons of weight in its support, among them that the account between plaintiff and Tomlinson-Humes, Incorporated, bankrupt, covered many items, including the notes in question; that the account had been greatly reduced since bankruptcy, and that the amount then due was uncertain; that when this account should be paid, assets, including these notes, will be turned over to the trustee in bankruptcy, and until this account was settled it would be impossible to determine what amount remained due the plaintiff upon these notes; that the books and papers of the account of both parties were out of the jurisdiction, and available to the bankruptcy court in Illinois.

Had these, and the other facts alleged, been found true, the trial court might very properly have exercised its discretion and granted the motion for a reason-

able period of time.  However, the record does not recite the establishment of these facts.  On the contrary, the ruling denying the motion without prejudice to the right to renew it during the trial, indicates that the facts had not been sufficiently established.  The record does not show that this motion was renewed.  The court's finding that the facts recited in the motion were not proved upon the trial, are immaterial to the decision of this motion, for that depended upon their proof when the motion was heard.  So far as appears the ruling was not erroneous.

As to the corrections and additions to the finding: The defendant desires added to the finding, that the method of authentication was impossible of perform- ance, and that the promise of authentication was made with intent to deceive, and was a principal inducement to Mrs. Ely in making the contract.  Mrs. Ely did not testify that the authentication was an inducement to the contract, and there was no evidence from which this could have been found.  There was, too, no evi- dence that this was impossible, and we do not conceive it to have been a subject for judicial notice.  There was, too, no evidence of the value of the work to be done in cleaning and restoring the pictures, etc., nor of the proportion of the value of this work to the amount of the contract.  This condition of the evidence made it impossible to have made the finding asked for.

The finding that the choses in action transferred by Tomlinson-Humes, Incorporated, are all past due and unpaid and of little value, and that at no time since June 3d, 1913, would the full payment of the notes have been sufficient to fully liquidate the bankrupt's indebtedness to the plaintiff, is attacked as against the evidence.  We understand the defendant to con- cede that Mr. Jones so testified.  We have had suggested no legal reason why we should hold that the trial court

could not accept it; and so far as we can find, his testimony upon this point was not contradicted.

The finding that it had not been proven that Tomlinson-Humes, Incorporated, had not obtained the notes in good faith and for value, and that the plaintiff is not a bona fide holder for value in due course of the notes transferred to it, is also attacked. We have analyzed the evidence with care, and we cannot hold that the charge of fraud in the inception of the notes was clearly proven, neither can we hold that if the notes had had their inception in fraud the court was wrong in its finding that the plaintiff had had no notice of this. The finding, as we read it, shows plainly that Tomlinson-Humes, Incorporated, never gave any substantial consideration for these notes. But the court has found the plaintiff obtained the notes without notice of this defect. Mr. Jones so testified, and that his company never had received the contracts for which the notes were originally given. Mr. Tomlinson, the president of Tomlinson-Humes, Incorporated, testified that according to the custom of the business, all contracts and papers relating to transactions in which notes were given were turned over to the plaintiff at the time of the transfer of the notes. Had this course been followed in the case at bar, the plaintiff would have known that the notes were given at the very inception of the contract and before the work was done, and this would have been notice that the notes were given without present consideration. This, supplemented by the failure of the plaintiff to produce its books and papers, might have justified the conclusion of notice. But we cannot say, as matter of law, that the court erred in crediting Mr. Jones rather than the inferences from this testimony. There was a conflict, and it was open to the court to make its finding.

The defendant desires a finding that the contract

between Tomlinson-Humes, Incorporated, and the Credit Company, was a loan upon the collateral of the notes transferred, together with the agreement guaranteeing payment by Tomlinson-Humes, Incorporated, substituted for the several findings that the contract was one of sale.

This contract was made in Illinois and was to be performed there; and its construction and interpretation is to be governed by the law of that State. The Supreme Court of Illinois construed substantially this contract in the case of *Mercantile Trust Co.* v. *Kastor*, 273 Ill. 332, 112 N. E. 988. It points out that the agreement fixes no price of purchase for the entire interest in the accounts, and limits the advances to be made and their repayment from the collected accounts, together with the agreed discount, and the balance belongs to the alleged seller. "While the parties to the contract," says the court (p. 339), "have carefully used language appropriate to a sale, the instrument, when complete, evidences not a sale, but a pledge for the security of a loan. The form of a transfer of the property in the account is manifestly fictitious. At no time do the accounts become the exclusive property of the Trust Company, but its interest in them is limited to the seventy-seven per cent advanced and the proportion of the remaining twenty-three per cent fixed by the scale in the agreement. This is without regard to the right of the Trust Company to hold the proceeds of each account as security for the payment of any other account in default, for such right does not necessarily affect the character of the transaction as a sale or a pledge."

In the case before us, the Credit Company collects the notes, pays itself its advances and the agreed discount, and either pays over the balance directly to Tomlinson-Humes, Incorporated, or applies it in liqui-

dation of other similar indebtedness to it. In either case, the deferred payment is the property of Tomlinson-Humes, Incorporated. The case is almost identical with the *Kastor* case. The contract is unambiguous and a part of the finding, and when construed in the light of the Illinois decision, the relation created is one of loan upon collateral, and the contract so construed must control the findings of the trial court that the relationship created between these parties in regard to these notes was one of sale. Under the agreement, the plaintiff Credit Company had the right to apply the excess of its collections over its discount and advances, to the indebtedness of Tomlinson-Humes, Incorporated, to it, outside of this immediate transaction. Under the finding this indebtedness will absorb all of this excess. In practical results, apart from the question of usury, it would seem to make no difference whether this transaction be esteemed a sale or a loan. If the amount due the Credit Company were not in excess of the advances and discount, the balance would belong to Tomlinson-Humes, Incorporated, and as it gave no consideration for the notes it would be inequitable to permit the Credit Company to collect for it what it could not collect for itself.

Since these notes were received as collateral security for a loan, the defendant claims that as they were made at a usurious rate of interest the plaintiff is not a bona fide holder and cannot recover. Assuming that the rate of discount was a usurious one under Illinois law, that defense is personal to the debtor and those in privity with him. *Union Nat. Bank* v. *International Bank*, 123 Ill. 510, 14 N. E. 859. Our own decisions are in accord. *Reading* v. *Weston*, 7 Conn. 409; *Loomis* v. *Eaton*, 32 Conn. 550. The maker of a note is not affected by a usurious agreement between the payee and transferer by indorsement, or between the payee

and his pledgee. *Knights* v. *Putnam,* 20 Mass. (3 Pick.) 185. Further, the Illinois statutes seem to forbid Tomlinson-Humes, Incorporated, making a defense of usury in an action by the Credit Company against it on the notes. Illinois Rev. Stat. (1874) Chap. 74, § 11; 4 Illinois Anno. Stat. (Jones & Addington) § 6700, p. 3660.

The ruling sustaining the demurrer to the motion for disclosure is assigned as error. The motion for disclosure may be construed broadly as an attempt to prove by the books and papers of the Credit Company the defendant's defenses of fraud and lack of consideration, of which the Credit Company had notice, and that the transfer of the notes to it was as collateral to secure a loan, and that this, together with other notes and accounts similarly assigned, had been paid in whole or greater part, and that at the most the defendant would be liable only for the balance due upon the loan secured by the three notes. But the brief of counsel limits the scope of the motion to one point. To quote from the brief: "In the case at bar the plaintiff claims purchase, possession and ownership of the Ely notes. The defendant admits possession, denies ownership, and alleges as a defense that the notes were taken as collateral security for a loan made at a usurious rate of interest. It is in support of this defense that the defendant asks to examine the books and papers showing the financial transactions between the plaintiff and Tomlinson-Humes, Inc." We have held that this contract was a loan secured by these notes as collateral, and that the defense of usury as to this loan was not available as a defense by the maker of the notes against the pledgee with power to collect. So that we have no occasion, in view of the only claim made, to consider whether the motion would have been available in support of any of the other defenses. The denial of defendant's mo-

tion at the trial, for the production of the books and papers of plaintiff, has not been pursued.

We have already, in effect, stated our conclusion that the trial court did not err in overruling the claim that the plaintiff could not in any event recover more than it advanced at the time the notes were transferred to it, and in rendering judgment for the face of the notes with interest. We agree with the rule of law invoked by the defendant. The pledgee of notes cannot ordinarily recover more than the amount for which the notes were pledged. *New England Trust Co.* v. *New York Belting & Packing Co.*, 166 Mass. 42, 45, 43 N. E. 928. In the pledge of the three notes to the Credit Company, the amount for which the notes was pledged was not only the immediate cash advances made upon the notes and the indebtedness then cancelled, but such further indebtedness as had then accrued or might thereafter accrue for advances upon other accounts or notes. The finding recites: From the date of transfer of these notes to the date Tomlinson-Humes, Incorporated, was adjudged bankrupt, the full payment of the notes in suit would not have been sufficient to fully liquidate the debt of Tomlinson-Humes, Incorporated, to the plaintiff. The finding settles this point, and made necessary a judgment for the face of the notes and interest in fulfillment of the contract of pledge entered into.

There is no error.

In this opinion the other judges concurred.