## FRANK S. R. DOUGLASS *vs.* THE BOULEVARD COMPANY ET ALS.

Third Judicial District, Bridgeport, April Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

As interpreted by the courts, all statutes against usury prohibit contracts made to evade their provisions, whether such prohibition be expressly declared in the Act itself or be left to be inferred.

Whether a particular contract was made with intent to evade the provisions of our statute against usury (Public Acts of 1911, Chap. 244), is a question of fact for the jury; and no ostensible scheme or device will be of any avail to render the contract valid, provided an intent to evade the terms of the statute is found.

In the present case the contract required the plaintiff to advance money from time to time to the defendants for the purchase of automobiles and automobile trucks, and in addition to interest at six per cent upon the moneys so advanced, the defendants were to pay the plaintiff a commission of $50 upon every car or truck sold. The plaintiff insisted that this commission was payable for his services in giving sound business advice and for recommending to his friends and acquaintances the purchase of the defendants' cars and trucks; while the defendants contended that it was a mere device or cover for a usurious loan. *Held* that under these circumstances the reasonable worth or value of the plaintiff's services as compared with the amount which the defendants agreed to pay therefor, became a material and important matter for the consideration of the jury, and that the omission of the trial court in its charge *to* call the jury's *attention* to the significance of this relation or comparison, coupled with a remark which practically removed that subject from their consideration as bearing upon the question of intent, constituted reversible error.

Every circumstance surrounding or connected with an alleged usurious loan is relevant and material, if it will in anywise aid in revealing the true intent of the parties in the transaction.

Argued April 12th—decided June 1st, 1917.

ACTION by the payee against the maker and indorsers of a promissory note for $5,000, brought to the District Court of Waterbury and tried to the jury before *Reeves, J.;* verdict and judgment for the plaintiff,

and appeal by the defendants. *Error and new trial ordered.*

The defendants' answer admitted the execution of the note, and set out certain special defenses: first, that the note was accepted by the plaintiff in violation of Chapter 244 of the Public Acts of 1911, relating to usury; second, that at the time the note was executed the makers of the note were only indebted to the plaintiff in the amount of $3,500; and third (as respected the defendant Harry B. Russell), that the plaintiff agreed to discount to him (Russell) fifty per cent of his loss, in case he was required to pay the note.

The case was tried to the jury and they rendered a verdict for the plaintiff for the amount of the note.

The defendants, on the trial, offered evidence tending to prove the following facts: The defendants William E. Russell and Albert Delay were officers and stockholders of the defendant company. In January, 1913, the defendant company and its officers were unable to raise sufficient funds to carry on its business. The plaintiff was a man of property, had retired from active business on account of ill health, and was accustomed to and had been in the habit of loaning money. In December, 1912, the defendant William E. Russell informed the plaintiff as to the financial condition of the company and of its inability to raise money, and an agreement was made between the plaintiff and the said Russell, as president of the defendant company, whereby the plaintiff agreed to advance sufficient funds to permit the purchase of cars by the defendant company, with an agreement that for each pleasure car sold, the plaintiff was to receive the sum of $50, and for each truck sold the sum of $100. The plaintiff, between January and June, 1913, advanced about $13,000, with which the defendants purchased automobiles. As the cars were shipped to the defendant com-

pany, each shipment was accompanied by a draft, which draft was paid by the plaintiff. On the payment of each draft the plaintiff prepared a note for the amount of the draft so paid, and added $50 for each car if sold, and also, in addition, charged six per cent interest. On October 1st, 1913, the plaintiff, being about to leave the State on account of the condition of his health, drew up the note described in the complaint, and included in the amount named in the note $1,762 as commissions on cars sold. The plaintiff rendered no service to the company other than as stated.

The plaintiff claimed to have proved that the $50 on each car sold, was to be paid to him for his assistance to the defendant company in the conduct of its business, by giving the defendant company the benefit of his mature business advice in selecting the kind of cars and trucks to deal in, and by soliciting business from his business acquaintances and in recommending the purchase of cars and trucks from the defendant company.

From a judgment for the plaintiff, the defendants appeal, assigning errors in the charge of the court, the refusal to set aside the verdict as against the evidence, and particularly the rendition of the verdict against the defendant Harry B. Russell.

*Lawrence L. Lewis* and *Edward B. Reiley, Jr.*, for the appellants (defendants).

*James M. Lynch*, for the appellee (plaintiff).

SHUMWAY, J. Section 1 of Chapter 244 of the Public Acts of 1911, page 1539, provides that no person, and no firm or corporation, other than a pawnbroker, shall, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept, or make

any agreement to receive, therefor, interest at a greater rate than twelve per centum per annum. The second section of the same Act prohibits the taking of any note, with intent to evade the provisions of section one. Section five provides that no action shall be brought to recover the principal, interest, or any part thereof, or any loan prohibited by the Act. It is also made a penal offense to violate any of the provisions of the Act.

All statutes against usury, as interpreted by the courts, have been held to prohibit contracts made with an intent to evade the statute, whether or not such statutes have provisions the same as the one now in force in this State. Whether such an intention is present in any contract is always a question of fact for the jury. No device can be invented, and no disguise can be put on, which will make a contract valid, if behind or underneath an intent to evade the statute is found. It, then, must follow, that every circumstance surrounding or connected with the transaction is material, if in any manner it will reveal the intention of the parties. Therefore where a lender of money contracts with the borrower that the lender shall be paid for services, which contract is a part of the contract of loan, whether of money or credit, the reasonable value of the services becomes material and important upon the question of intent. If the services are of little or no value and the amount agreed to be paid for them is considerable, from our knowledge of the usual conduct of parties in business transactions the inference to be drawn therefrom is that the compensation was to be for the use of money rather than for services.

Even a broker, who may properly charge a commission for the sale of his principal's property in addition to legal interest upon sums advanced upon the property, cannot make a valid agreement to charge un-

reasonable and exorbitant commissions, if the purpose be to evade the statute against usury; for the law will tear off the disguise and treat the contract as usurious. *Mills* v. *Johnston,* 23 Tex. 308. In the case of *Beckwith* v. *Windsor Mfg. Co.,* 14 Conn. 594, the agreement claimed to be usurious was to pay an indorser six per cent on the amount of the notes indorsed. This court said such an agreement "raises a very strong presumption, that it was designed as a cover for a usurious loan, . . . and unless satisfactorily explained, would justify such an inference;" but the court held that the question of an intention to evade the statute should be left to the trier.

In the present case the court charged the jury as follows: "I don't think it is material, gentlemen, whether the services rendered by the plaintiff to the Boulevard Company were reasonably worth the amount of compensation to be paid for them or not." It is true the court added to this statement, "If the Boulevard Company and the plaintiff entered into an agreement whereby he was to render certain services at a fixed sum, and that agreement was in all respects apart and separate from the loan of money, was a *bona fide* transaction, not intended in any way to increase the compensation to the plaintiff for the use of his money— the amount received for the cars could not properly be considered as bonus or interest." The court, at no place in its charge, called the attention of the jury to the significance of the value of the services as compared with the price agreed to be paid for them, as bearing upon the question of the intention of the parties, but rather, by the remark quoted, removed from their consideration the question of intent in case the jury found a contract was in fact made that the commissions should be regarded as pay for services rendered and not as pay for the use of money loaned. The instruc-

tions as given must have been harmful to the defendant and were erroneous.

In view of the conclusions of the court it is not necessary to consider the other assignments of error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.