EDGAR L. BLACK & others *vs.* WILLIAM E. TAFT & others.

Suffolk.    October 4, 1932. — September 13, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Corporation,* Issue of stock, Ratification by stockholders.

Capital stock issued, from stock authorized at the incorporation of a Massachusetts corporation but not then issued, pursuant to a vote at a special meeting of the stockholders, is illegally issued if the certificate required by G. L. (Ter. Ed.) c. 156, § 16, is not filed with the commissioner of corporations and taxation.

A by-law of a Massachusetts corporation, reciting that "The directors shall have and exercise full control and management of the affairs and business of the corporation except such as are conferred by law or by these by-laws upon the stockholders or upon an officer of the corporation or may be delegated to the executive committee," does not confer upon the directors authority to vote the issue of an unissued balance of stock without compliance with the provisions of G. L. (Ter. Ed.) c. 156, § 16.

The mere fact that, at a meeting of stockholders of the corporation above described, held after the issue of a certificate representing shares, previously voted by the directors but as to which no certificate was filed with the commissioner of corporations and taxation under G. L. (Ter. Ed.) c. 156, § 16, the holder of such certificate was recognized on the records as a stockholder, did not warrant a finding that the issue of such shares became valid by ratification. WAIT, J., dissenting.

BILL IN EQUITY, filed in the Superior Court on April 7, 1931, and afterwards amended, described in the opinion.

The suit was referred to a master. Material facts found by the master are stated in the opinion. By orders of *Whiting*, J., there were entered an interlocutory decree confirming the master's report, and a final decree "that the shares of stock in the Metropolitan Linen Supply Company, Inc., issued in pursuance of the votes at the meetings of the directors of that corporation held on April 3 and April 9, 1931, to Dora B. Taft, otherwise known as Mrs. William E. Taft, Thomas F. Bannan and Richard Hingston, be and they are hereby declared null and void; and that the defendants Dora E. Taft, otherwise known as Mrs. William E. Taft, Thomas F. Bannan and Richard Hingston return the shares of stock so issued standing in their respective names to the said corporation for cancellation; that said stock be canceled; and that the claims of said defendants for which such stock was issued be and they are hereby revived." The defendants appealed.

The case was argued at the bar in October, 1932, before *Rugg*, C.J., *Crosby*, *Wait*, *Donahue*, & *Lummus*, JJ., and afterwards was submitted on briefs to all the Justices.

*W. J. Bannan*, (*T. F. Bannan* with him,) for the defendants.

*W. J. Lyons*, for the plaintiffs.

CROSBY, J. This suit in equity is brought by the plaintiffs as stockholders of the Metropolitan Linen Supply Company, Inc., to compel the defendants Dora B. Taft, Thomas F. Bannan and Richard Hingston to return to the corporation for cancellation certain certificates of shares of its capital stock standing in their names, respectively, on the ground that the same were illegally issued. The case was referred to a master and an interlocutory decree was entered in the Superior Court confirming his report. Thereafter a final decree was entered by which it was adjudged that the shares of stock issued in pursuance of the votes of meetings of the directors of the corporation held on April 3 and April 9, 1931, to Dora B. Taft, otherwise known as Mrs. William E. Taft, Thomas F. Bannan and Richard Hingston be declared null and void and requiring that they be returned to the corporation for cancellation. The case

is before this court upon appeal by the defendants from the final decree.

The corporation was organized under the laws of this Commonwealth on January 30, 1929, with an authorized capital of one thousand shares without par value. The incorporators were the plaintiffs Black and Bailey and the defendant William E. Taft, each of whom subscribed for and received one hundred shares, thereby leaving an "unissued balance" of capital. G. L. (Ter. Ed.) c. 156, § 16, provides, "The whole or any part of any unissued balance of the authorized capital stock may be issued, subsequent to the issue of stock certified by the articles of organization, by vote of the directors, under authority of the by-laws or of a general or special vote of the incorporators at the first meeting or of the stockholders at a subsequent meeting, if, within thirty days after such vote of the directors, a certificate signed and sworn to by the president, treasurer and a majority of the directors is submitted to the commissioner . . . ." The master found that on July 30, 1930, the directors voted to issue to Hingston ten shares of stock in payment for services rendered the corporation, but that no certificate of such issue pursuant to G. L. (Ter. Ed.) c. 156, §§ 16 and 17, was filed with the commissioner of corporations; that at a special meeting of the stockholders held October 3, 1930, it was voted to issue fifty shares of stock to each of the incorporators, but no certificate was ever filed with the commissioner of corporations as required by G. L. (Ter. Ed.) c. 156, §§ 16 and 17. On February 13, 1931, a special meeting of the directors was held and it was voted to issue fifty shares to each of the incorporators, and ten shares to Hingston, and on the following day a certificate of the issue of this stock was filed with and approved by the commissioner as required by G. L. (Ter. Ed.) c. 156, § 16. There was no evidence that any certificates of stock were in fact executed and delivered to Black, Taft, Bailey or Hingston subsequently to October, 1930. On March 27, 1931, a special meeting of the stockholders was called to be held on April 4, 1931, but on April 3, 1931, without notice to Black, one of the stock-

holders, William E. Taft and Hingston voted to issue one hundred shares of stock to Dora B. Taft in payment of an alleged debt owed her by the corporation, and fifty shares to Thomas F. Bannan in payment of an alleged debt for legal services. At a special meeting of the directors held on April 9, 1931, a majority of the directors voted that the issue of one hundred shares to Dora B. Taft and fifty shares to Thomas F. Bannan in payments of their accounts against the corporation be approved. It does not appear from the record that there is a by-law authorizing the directors to issue any unissued balance of stock, or a general or special vote of the incorporators at the first meeting, or of the stockholders at a subsequent meeting where a certificate was submitted to the commissioner as required by G. L. (Ter. Ed.) c. 156, § 16. The only stock issued subsequently to the issue certified by the articles of organization was issued by vote of the directors, except the issue voted at the special meeting of the stockholders held on October 3, 1930, but as no certificate of the issue of this stock was filed with the commissioner it was illegal. Art. 4, § 5, of the by-laws recites that "The Directors shall have and exercise full control and management of the affairs and business of the corporation except such as are conferred by law or by these By-Laws upon the stockholders or upon an officer of the Corporation or may be delegated to the Executive Committee." This provision cannot rightly be construed as conferring upon the directors authority to vote the issue of an unissued balance of stock without compliance with the provisions of G. L. c. 156, § 16.

"The directors of a corporation act in a strictly fiduciary capacity. Their office is one of trust and they are held to the high standard of duty required of trustees . . . . Corporate directors cannot manipulate the property, of which they have control in a trust relation, primarily with the intent to secure a majority of the stock or of directors in any particular interest . . . ." *Elliott* v. *Baker*, 194 Mass. 518, 523. In the present case the stock issued by the directors could not be voted without a compliance with the provisions of the statute above recited. It results that

the issue of stock to Dora B. Taft, Thomas F. Bannan and Richard Hingston was without validity.

The circumstance that the records of the special meeting of the stockholders held on October 3, 1930, mentions Hingston as a stockholder cannot rightly be found to be a ratification of the issue of stock to him by the directors. This is not a case where there was an informality in the issue of stock which the corporation had power to create not affecting the essential rights of the corporation, its creditors or other stockholders, as was held in *Mitchell* v. *Mitchell, Woodbury Co.* 263 Mass. 160.

*Decree affirmed with costs.*

WAIT, J., dissenting. I am unable to agree with the result of this opinion in so far as it affirms a decree requiring that the defendant Hingston's stock in the corporation be delivered up for cancellation.

The master's report, which has been confirmed, shows the following state of affairs with regard to the capital stock of the corporation. By the charter and articles of agreement one thousand shares of capital stock without par value was authorized to be issued; and, at the first meeting, the plaintiffs Black and Bailey and the defendant William E. Taft each subscribed for and received one hundred shares. Later at a meeting of the directors, held on July 30, 1930, it was voted to issue ten shares of the unissued stock to Hingston in payment for services which were fairly worth $100. A certificate for ten shares dated September 22, 1930, signed by the plaintiff Black as president and the defendant William E. Taft as treasurer, was delivered to Hingston. At a special meeting of stockholders on October 3, 1930, at which the plaintiffs Black and Bailey, the defendant William E. Taft and Hingston were present, and at which Hingston was recognized as a stockholder and was elected assistant clerk, it was voted to pay certain accounts on the books by issue of capital stock. These accounts were proper and showed $500 due each of Black, Bailey and Taft. In October, 1930, certificates for fifty shares each were issued to Black, Bailey and Taft. Black and Taft took theirs,

but Bailey never took his. No certificates pursuant to G. L. c. 156, §§ 16 and 17, were filed with reference to the votes or issues of stock of July 30, 1930, September and October, 1930. On February 13, 1931, a special meeting of directors voted that the bonus accounts of $500 each established for Black, Bailey and Taft be liquidated by the issue of capital stock and that "a further amount of one hundred . . . dollars be issued to Richard F. Hingston in payment of extra services as rendered"; and, on February 14, 1931, a certificate of issue of capital stock pursuant to G. L. c. 156, § 16, was filed with the commissioner of corporations. It was dated February 13, 1931; recited the vote to issue one hundred sixty shares in addition to the three hundred originally issued, to be paid for $1,500 for expenses and $100 for services to be issued fifty shares each to Black, Bailey and Taft, and ten shares for accounting services. The certificate was approved February 14, 1931. There was no evidence of any execution or delivery of certificates of stock to Black, Bailey, Taft or Hingston after October, 1930.

The plaintiffs Black and Bailey by the second paragraph of the bill alleged themselves on April 3, 1931, to be the owners of one hundred fifty shares each of the capital stock, and the defendant Taft the owner of one hundred fifty shares.

On April 3, 1931, at a meeting of directors properly found to have been called illegally, the directors William E. Taft and Hingston voted to issue one hundred shares to the defendant Mrs. William E. Taft and to the defendant Thomas F. Bannan fifty shares. No certificate of this issue was filed pursuant to G. L. c. 156, § 16.

I agree that, for the reasons stated in the opinion, this latter issue of one hundred fifty shares was invalid, and that a decree so deciding and calling for the return of the certificates by Mrs. Taft and Bannan is required. I am unable to agree that a similar decree with regard to Hingston and his ten shares is proper.

The record shows that Hingston holds only ten shares; that by votes of July 30, 1930, and October 3, 1930, issue of a certificate to him and to Black, Bailey and Taft for

these shares was voted by directors and stockholders; that these votes were not followed up by proper filing under G. L. c. 156, § 16; that the issue of one hundred sixty shares (fifty each to Black, Bailey and Taft, and ten to Hingston) was not properly validated; that the vote of February 13, 1931, was passed to bring about a validation of the issue of the one hundred sixty shares; and that the issue was duly validated by approval by the commissioner of corporations on the certificate filed February 13, 1931. As a result Hingston's certificate for ten shares, part of the one hundred sixty, was validated. The certificate produced by him bore date September 22, 1930, and was signed by Black as president and Taft as treasurer. I am unable to see how it can be invalidated at the suit of Black and Bailey, relying in part on their ownership of fifty shares each which stand exactly as do Hingston's ten shares; and by a decree which leaves outstanding the remaining fifty of the one hundred sixty shares validated February 14, 1931, in William E. Taft. All the one hundred sixty shares should be treated alike. The ten belonging to Hingston cannot in justice or equity be taken from him. They were not issued to him as a result of the illegal meeting denounced by the decree. As owner of them he has been recognized as a stockholder by the plaintiffs since September of 1930. The by-laws do not require that officers shall be stockholders; but it is a legitimate inference from the history of the corporation set out by the master that its practice was to elect them from stockholders.

There was no impropriety in the votes for the issue of the one hundred sixty shares. There was simply a failure to comply with a statutory requirement for validation. That requirement was met by the action taken on February 13 and 14, 1931. The stock is now valid. G. L. (Ter. Ed.) c. 156, §§ 16 and 17. The case is covered by the opinion in *Mitchell* v. *Mitchell, Woodbury Co.* 263 Mass. 160. I think the decree should be modified by striking out the findings and direction with regard to Hingston and his stock.