Great Northern Laundry Company, Appellant, v. Commercial Credit Company et al., Appellees.

Gen. No. 38,267.

Opinion filed November 12, 1935.

HEILE, CAVENDER, MILCHRIST & KAISER, of Chicago, for appellant.

HERBERT J. FERGUSON, of Chicago, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

The Great Northern Laundry Company filed its complaint in chancery against the Commercial Credit Company and Kellman Laundry Machinery· Company, a corporation, alleging that it had purchased machinery from the Kellman Company at a price of $10,000, and as a part of the purchase price had executed its notes for $9,494 and executed a conditional sales contract with the Kellman Company; that afterward it purchased a sprinkling system from the Kellman Company for $5,000, and as part of the purchase price executed its notes for $4,782, and a conditional sales

contract to the Kellman Company; that shortly after the execution of these notes and contracts the Kellman Company pledged them to the defendant Commercial Credit Company as security for a loan; that plaintiff had paid the amount due on the notes executed for the machinery except $789.93, and the notes executed for the sprinkling system except $220.89.

It was further alleged in the complaint that the Kellman Company was hopelessly insolvent and that it was indebted to plaintiff for more than $4,400. The prayer was for an accounting and that plaintiff be allowed a set off of the $4,400 due it from the Kellman Company on the amount found due on the notes. And the further prayer was that the credit company be enjoined from endeavoring to collect the balance due on the notes above mentioned and from attempting to seize the machinery which plaintiff had purchased from the Kellman Company.

The Kellman Company answered admitting insolvency; the credit company answered claiming there was a balance due it on the two series of notes and prayed for judgment in its favor against plaintiff for the amount found to be due. The case was tried on a stipulation of facts. The court found that there was $1,076.51 due from plaintiff on the notes and decreed that this be paid to defendant Commercial Credit Company within 30 days or the machinery and equipment and sprinkling system plaintiff had purchased be returned to the Commercial Credit Company, and a special execution was awarded. Plaintiff appeals from this decree.

Plaintiff's contention is that since the two conditional sales contracts and the two series of notes were pledged by the Kellman Company to the credit company, the latter company was entitled to recover on the notes only the amounts it had lent the Kellman Company and for which the contracts and notes were pledged, and that the amounts so lent had been paid.

But it appears from the stipulation of facts that the Kellman Company from time to time pledged other notes and conditional sales contracts similar to the ones in the case at bar with the credit company, and that it was agreed between the Kellman Company and the credit company that all the notes and conditional sales contracts were to be held by the credit company until all indebtedness had been paid by the Kellman Company to the credit company; and that under such agreement there was still due and owing from the Kellman Company to the credit company $6,623.77. Obviously plaintiff could not have its notes, which are involved in this case and which were pledged to the credit company, delivered up to plaintiff, nor could it apply the $4,400 due it from the Kellman Company to such indebtedness because under the agreement between the Kellman Company and the credit company the latter company had a right to hold all notes and contracts until all indebtedness due from the Kellman Company to the credit company had been paid. *Continental Credit Co. v. Ely*, 91 Conn. 553.

Plaintiff's contention is that it had a good defense to the balance remaining due on the two series of notes as against the Kellman Company and that this defense is available to it as against the pledgee of the notes, the defendant Commercial Credit Company.

We think this contention is clearly without merit for the reasons stated.

We know of no reason why the Kellman Company could not pledge the notes it received not only for the amount it received on these notes from the credit company, but for any other debts or loans by the credit company to it.

The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*

McSurely, P. J., and Matchett, J., concur.