WHALLEY MOTORS, INC. *v.* DAVID KESSELMAN ET AL.

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 8—decided June 10, 1958

*T. Holmes Bracken* and *Alfred E. DeCapua,* for the appellant (defendant DeLucia).

*Joseph Weiner,* with whom was *Benjamin F. Goldman,* for the appellee (plaintiff).

MELLITZ, J. The plaintiff brought this action to foreclose a mortgage for $4000 given to it by the defendants David Kesselman and Geraldine Kesselman to secure a note which was payable in forty-eight monthly instalments. The note and mortgage were in consideration of a loan of $4000 made by the plaintiff to the Kesselmans. The transaction was consummated at the office of the plaintiff's attorney, who made a charge of $80, which the Kesselmans paid,

for search of title, preparation of papers, and closing and recording fees. The Kesselmans failed to make the monthly payments after the fifth one, and the plaintiff, after due demand, brought this foreclosure action. The Kesselmans offered no defense and were defaulted. The only defendant to contest the plaintiff's claim was Adelaide C. DeLucia, hereinafter referred to as the defendant, who claims to hold a mortgage executed and recorded subsequent to the plaintiff's mortgage. She filed a special defense in which she set forth that the charge of $80 made by the plaintiff's attorney was for negotiating the loan, in violation of General Statutes § 6781, and rendered the note and mortgage void. The court found that the plaintiff made no charge of any kind to the Kesselmans for making the loan; that the charges of the plaintiff's attorney were fair and reasonable; that the Kesselmans did not claim that the fee paid to the plaintiff's attorney was exacted as consideration for the loan; and that there was no intent on the part of the plaintiff to exact interest in excess of the amount allowed by statute. The court concluded that the note and mortgage were valid and not in violation of statute.

The defendant's attack on the finding is without merit. The facts sought to be added sufficiently appear in the finding, and the deletions claimed are supported by the evidence printed in the appendices to the briefs.

The single issue raised by the special defense was whether the charge of $80 made by the plaintiff's attorney violated the statutes relating to usury. General Statutes § 6779 prohibits the charging of interest at a rate greater than 12 per cent. Section 6781 prohibits charging a borrower with any expense of negotiating a loan, or with certain other expenses

not here pertinent, unless the total of such charges and of the interest agreed upon shall, during any one year, not exceed 12 per cent of the loan. Section 2891d of the 1955 Cumulative Supplement exempts bona fide mortgages of real property in excess of $5000 from the operation of §§ 6779 and 6781. It provides further that the word "interest," for the purpose of the statute, shall not be construed to include attorneys' fees, including preparation of mortgage deed and note, title search, waivers and closing fees or recording fees paid by the mortgagor.

The defendant argues that the latter provision applies only to bona fide mortgages of real property in excess of $5000. The contention is untenable. Such mortgages are specifically excepted from the usury statutes by § 2891d. The provision in question is, therefore, superfluous and unnecessary in relation to such mortgages. What the provision recognizes is that there are certain items of expense such as the preparation of the mortgage and note, and recording fees, which are essential in the consummation of every mortgage loan. It recognizes that there may also be the expense of a title search and of waivers of priorities or liens, as well as a reasonable fee for closing the transaction. All of these items are specifically spelled out in § 2891d as items which, although involving expense to the mortgagor, may not operate to jeopardize the legality of a loan which is within the statute by being interpreted to be charges to be included, like those enumerated in § 6781, in computing the maximum charge of 12 per cent which may legally be made to the borrower during any one year. The necessity of making clear that such indispensable charges are to be treated as legitimate items to be paid by the borrower in the case of a loan covered by the usury statute is pointed up

by the authorities cited by the defendant from other jurisdictions, where similar charges have operated to taint a loan with usury. The reasonableness of such charges is always subject to the scrutiny of the court. Here there is a specific finding that the charges were fair and reasonable and that there was no intent to exact payments in excess of the rate of interest allowed by the statute. Whether under the guise of such charges, or otherwise, there is present an intent to evade the statute is a question of fact for the trier in each case. *Douglass* v. *Boulevard Co.,* 91 Conn. 601, 604, 100 A. 1067.

In other assignments of error the defendant seeks to question the propriety of the court's rulings precluding her from attacking the legality of the plaintiff's claim in particulars other than as set forth in the special defense, on the ground that they were required to be specially pleaded. In these rulings the court was clearly correct. Practice Book § 102.

In its brief and in oral argument the plaintiff for the first time questioned the defendant's right to interpose the defense of usury. In the view we have taken of the case, it is unnecessary to pass upon this matter. We observe, however, that the defendant was a junior incumbrancer. She was not a party to the transaction between the plaintiff and the Kesselmans. We have held the defense of usury to be personal to the borrower; *Reading* v. *Weston,* 7 Conn. 409, 413; *Loomis* v. *Eaton,* 32 Conn. 550, 551 (junior incumbrancer); *Continental Credit Co.* v. *Ely,* 91 Conn. 553, 560, 100 A. 434; except in the case of an accommodation maker or indorser. *Finance Discount Corporation* v. *Hurwitz,* 138 Conn. 636, 640, 88 A.2d 385; *Baggish* v. *Offengand,* 97 Conn. 312, 320, 116 A. 614.

There is no error, but the cause must be remanded

with direction to modify the judgment by fixing new law days.

In this opinion the other judges concurred.