MORRIS LEBOWITZ *v.* MARTIN J. MCPIKE ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and COTTER, Js.

Argued March 4—decided May 5, 1964

*Roslyn Z. P. Montlick,* for the appellants-appellees (defendants).

*John J. Hunt,* with whom, on the brief, were *Ralph J. Lockwood* and *John F. James,* for the appellee-appellant (plaintiff).

MURPHY, J.  On April 1, 1961, the two defendants executed their joint and several promissory note in the amount of $26,000, payable to the order of the plaintiff on July 15, 1961, with interest together with costs of collection, including reasonable attor-

neys' fees, in the event the note was not paid at maturity. The defendants defaulted in payment at maturity, and the plaintiff instituted suit on the note by service on the defendants on August 24, 1961. The court, on December 7, 1962, rendered judgment for the plaintiff to recover damages of $26,000 and interest at 6 percent from August 24, 1961. The defendants have appealed. The plaintiff has filed a cross appeal, claiming that he is entitled to interest at the rate specified in the note from the date on which it was made until the date of judgment. The judgment did not include any allowance for attorneys' fees, since no evidence was introduced concerning them.

The findings of fact are not subject to correction. They disclose the successful attempt of the defendant Martin J. McPike to obtain capital with which to equip and operate a laundromat in Stratford so that it could be sold at a profit to both his benefactor and himself. The enterprise did not justify McPike's expectations, and when he was unable to meet his commitments this lawsuit followed. The plaintiff invested $20,000 on September 7, 1960, which was to return $26,000 to him on April 1, 1961, and when it did not the note in suit was executed. The court concluded that the money which the plaintiff provided to finance McPike's idea was not, as claimed by the defendants, a usurious loan, camouflaged to evade the statutes on usury, but was the purchase price of 200 shares of stock in a corporation organized specifically for the purpose of carrying out McPike's business venture.

In September, 1960, McPike was a distributor of laundromat equipment. He acquired a likely location in Stratford for a laundromat which he wanted to equip, operate and then sell at a profit. He needed

financing and contacted Ralph J. Lockwood, an attorney in Bridgeport, who interested the plaintiff in McPike's proposed venture. McPike represented that for $20,000 he could purchase needed equipment which, at retail, would cost $26,000, and that the laundromat, after becoming established, could be sold for from $35,000 to $40,000. Under the provisions of a written agreement executed on September 7, 1960, by McPike, his wife Neddy, who is the other defendant, and the plaintiff, the Stratford Laundry Corporation was to be formed. The defendants were to be officers and directors and Lockwood a director. The plaintiff was to be the sole stockholder; he was to have 200 shares of stock, for which he agreed to pay $20,000. The defendants agreed to purchase that stock for $26,000 not later than April 1, 1961. The plaintiff deposited $20,000 to the account of the corporation in a Bridgeport bank, the laundromat was equipped for business, and, thereafter, the defendants participated in its operation while they sought prospects to whom it might be sold. Since the business did not prosper and the prospective buyers did not materialize, the defendants were in no position to buy the plaintiff's stock on April 1, 1961, and they requested more time in which to find a purchaser. As a result, a new agreement, superseding that of September 7, 1960, was entered into by the parties. Under it, the plaintiff sold his stock to the defendants for $26,000 and took in payment the defendants' promissory note for $26,000, payable to the order of the plaintiff on July 15, 1961, with interest at 12 percent a year. Other provisions of the agreement need not be recited here. Upon these facts the court came to its conclusion and rendered judgment.

There can be little doubt that at the outset McPike was seeking a loan. That fact does not, ipso facto, prove that the money furnished by the plaintiff was a loan. Both McPike and his wife are well educated. While there may be much truth in what they had to say about their reliance on Lockwood's representations to them, it would be little short of incredible if they did not understand the two agreements they signed. Whether a transaction in the form of a sale of property with an agreement of purchase is really a sale or a loan depends on the intention of the parties, and that is a question of fact for the trier to determine. *Whalley Motors, Inc.* v. *Kesselman,* 145 Conn. 342, 346, 143 A.2d 158; *Mutual Protective Corporation* v. *Palatnick,* 118 Conn. 1, 4, 169 A. 917; *Douglass* v. *Boulevard Co.,* 91 Conn. 601, 604, 100 A. 1067. There was evidence to sustain the court's determination that this was not a usurious loan, and that determination cannot be disturbed.

The major portion of the finding is devoted to a recital of the errors of omission and commission of Lockwood, to whom was entrusted the responsibility for forming the corporation. They consisted of false and misleading statements in the certificates of incorporation and organization as well as in the minute book. Lockwood, while leading McPike to believe that he was representing him, in fact acted as attorney for the plaintiff. His conduct warrants severe condemnation.

Lockwood signed the writ and complaint by which this action was instituted; he testified as the principal witness for the plaintiff at the trial; and his appearance as attorney for the plaintiff has never been withdrawn. Although Lockwood was not disqualified as a witness, his remaining in the case as an attorney for the plaintiff was a violation of the

spirit, if not the letter, of the rule restated in *Erwin M. Jennings Co.* v. *DiGenova,* 107 Conn. 491, 497, 141 A. 866, and followed in *Woodward* v. *Waterbury,* 113 Conn. 457, 465, 155 A. 825, *Sengebush* v. *Edgerton,* 120 Conn. 367, 369, 180 A. 694, and *Miller* v. *Urban,* 123 Conn. 331, 333, 195 A. 193.

Facts found, and not challenged by the plaintiff, disclose that no meetings of the incorporators or the board of directors of the Stratford Laundry Corporation were ever held, although Lockwood, as secretary, prepared and signed minutes of such meetings. The certificate of incorporation is dated September 7, 1960. It stated that the corporation would start business with $1000 worth of capital stock, the equivalent of ten shares at the par value of $100 a share. The certificate of organization is dated September 6, 1960, the day before the date appearing on the certificate of incorporation. Until incorporated, the corporation could not have been organized. The affidavits in both certificates falsely state that Mrs. McPike personally appeared before the subscribing authority and that the oath was administered to her. The certificate of organization and the bylaws restricted to fifty the number of shares authorized for issuance. There was never any authorization for the issuance of any stock to the plaintiff. The minute book records a unanimous vote of the directors accepting a written proposal by the plaintiff to purchase 200 shares of stock, when in fact there was no such proposal, meeting or vote. No stock of any kind was ever issued by the corporation. There was no compliance with the laws of this state, nor with the so-called bylaws of the corporation, concerning the issuance or transfer of stock certificates. The four stock certificates for fifty shares each, allegedly issued to the

plaintiff on September 8, 1960, were never authorized or issued by the corporation; they are not signed or executed by any officer of it, and they do not bear the corporate seal or any revenue stamps.

Notwithstanding the presumption of consideration which attaches to every negotiable promissory note under General Statutes § 39-25 (see § 42a-3-408, effective October 1, 1961), the findings of fact in this case fail to sustain the conclusion of the court that a valuable consideration was given by the plaintiff for the defendants' note of $26,000 dated April 1, 1961. The consideration is stated in the conclusion to be 200 shares of stock in the Stratford Laundry Corporation. Since, as appears from the unchallenged findings, the stock was neither authorized nor issued, it could not constitute a valid consideration under the facts in this case. See *Taylor* v. *Lounsbury-Soule Co.,* 106 Conn. 41, 52, 137 A. 159; *Black* v. *Taft,* 284 Mass. 77, 80, 187 N.E. 96.

In view of our conclusion, it is unnecessary to consider the plaintiff's appeal.

There is error on the defendants' appeal, the judgment is set aside and the case is remanded with direction to render judgment for the defendants.

In this opinion the other judges concurred.